LOTTINGER, Judge.
ON MOTION TO DISMISS APPEAL
Judgment was rendered by the lower Court in favor of Olinda Gill who is plaintiff, defendant-in-reconvention, and appel-lee against her husband, Alfred Gill, granting a separation from bed and board, awarding custody of a minor child, fixing alimony for the support of said minor child, and fixing visitation privileges. Alfred Gill appealed the Judgment and Olinda Gill filed a motion to dismiss the appeal on the ground that this Court of Appeal is without jurisdiction to hear the appeal inasmuch as- the required security therefor was filed after the expiration of all legal delays for the filing thereof.
The trial was heard in the Lower Court on November 17, 1972, and the Judgment appealed from was rendered the same day without the matter being taken under advisement nor did counsel for Alfred Gill request notice of the signing of the Judgment. The Judgment was not signed until January 26, 1973 and on February 8, 1973 notice of judgment, though not asked for, was mailed to the present counsel for Alfred Gill, appellant. On February 21, 1973 counsel who had been counsel for Alfred Gill at the trial withdrew and in the same written motion, the present coun■sel was made counsel of record. Also, on February 21, 1973 the order for a devolu-tive appeal was signed and the amount of *610 security therefor was fixed. On March 12, 1973, the bond for appeal was filed.
C.C.P. Arts. 3942 & 3943 provide that appeal from the Judgment in question involving separation from bed and board, etc., can be taken only within thirty days from the applicable date provided by C.C. P. Art. 2087(1) — (3). No new trial was applied for in this matter making C.C.P. Art. 2087(2) & (3) inapplicable. C.C.P. Art. 2087(1) says that the appeal period begins to run at the expiration of the delay for applying for a new trial, as provided by C.C. P. Art. 1974, if no application for a new trial has been filed timely. C.C.P. Art. 1974 provides that the delay for applying for a new trial shall be three days, exclusive of legal holidays, said delay commencing to run on the day after the judgment was signed. C.C.P. Art. 1974 provides an exception in the event notice of judgment is required which we do not find applicable herein since no notice of judgment was required under the law, regardless of the fact that a notice of judgment was given. C.C. P. Art. 1913 which pertains to notice of judgment provides, among other things, for notice of judgment when requested by a party when the case is not taken under advisement but the court does not sign a judgment at the conclusion of a trial. As previously stated, we find no such request in this case.
C.C.P. Art. 2088 provides in part that the jurisdiction of the appellate court attaches, “on the timely filing of the appeal bond, or if no bond is required, on the granting of the order of appeal.” (Emphasis added)
In summary, we find that no notice of judgment was required by law and no application for a new trial was requested. Therefore, the three day delay for applying for a new trial began to run on the day after judgment was signed and the thirty day delay for appeal and furnishing the appeal bond began thereafter. Accordingly, the appellant’s bond was filed long after the time prescribed by law, and according to C.C.P. Art. 2088, this court lacks jurisdiction in this matter.
For the reasons herein assigned, the motion to dismiss this appeal is granted.
Appeal dismissed.