ON MOTION TO DISMISS THE APPEAL
LANDRY, Judge.
Defendant (Appellee) has moved to dismiss the appeal of plaintiff (Appellant) because of alleged untimely filing of the appeal bond. We grant the motion and dismiss the appeal.
On February 12, 1973, pursuant to previous assignment, the trial court heard and rendered judgment, in open court in the presence of counsel for all parties concerned, sustaining defendant’s exception of no right of action and dismissing plaintiff’s suit. Judgment to that effect was formally signed February 15 ,1973. Though present upon rendition of judgment, counsel for Appellant did not request notice of judgment. Under the circumstances, Appellant was not entitled to notice of judgment. LSA-C.C.P. art. 1913.
Appellant did not apply for a new trial. On April 26, 1973, Appellant moved for and was granted a devolutive appeal returnable to this court on June 22, 1973, conditioned *296 upon the posting of a $500.00 bond. The required bond was posted June 8, 1973.
A devolutive appeal may be taken and the security therefor furnished within 90 days of expiration of the delays for applying for a new trial if an application for new trial has not been timely filed. LSA-C.C.P. art. 1974. As stated above, Appellant did not apply for a new trial. Since no notice of judgment was required, the delays for taking a new trial in this instance commenced Friday, February 16, 1973, and expired Tuesday, February 20, 1973. The delay for filing the appeal bond herein accordingly expired May 21, 1973, and the posting of bond on June 8, 1973, was untimely.
Failure of Appellant to timely file his appeal bond is jurisdictional in nature. Where such failure occurs, the Appellate Court lacks jurisdiction to hear the appeal, and the appeal must be dismissed. See Clements v. Kimble, La.App., 239 So.2d 704, and authorities therein cited.
This appeal is dismissed at Appellant’s cost.
Appeal dismissed.