ON MOTION TO DISMISS
SAMUEL, Judge.
Plaintiffs, husband and wife, filed this suit in the Twenty-Fourth Judicial District Court for the Parish of Jefferson against Taca International Airlines and United States Fidelity & Guaranty Company, the latter as the public liability insurer of the New Orleans Aviation Board. The suit is for personal injuries sustained by the wife as a result of a fall at Moisant International Airport and for special damages in connection with those injuries. She fell while she was approaching a Taca plane preparatory to boarding that plane as a passenger.
*340 The case was tried on December 6, 1972. Following the taking of evidence, argument of counsel and submission of the case for adjudication, from the bench the trial judge discussed the evidence and stated he found liability on the part of both defendants. He also discussed quantum and concluded the plaintiff wife was entitled to a judgment of $7,500. However, he did not reach a conclusion as to the exact amount of the award to the plaintiff husband for special damages. He stated the amount of that award was dependent upon “Doctor Alldredge’s bill and Ochsner’s bill” and the husband’s testimony. Although he had had no opportunity to review the bills, he felt they covered time subsequent to April 23, 1971 and that recovery for medical expenses should not be allowed beyond that date.
The judgment was signed on January 17, 1973. None of the parties had requested notice of the date when the judgment was signed, nor did any of them apply for a new trial. The record contains a certificate by the clerk of court showing that on February 12, 1973 he mailed notice of the signing of the judgment to all counsel.
On February 2, 1973 Taca petitioned for and perfected a suspensive and a devolu-tive appeal. On February 12, 1973 United States Fidelity also filed a petition for a suspensive and a devolutive appeal, had its requested order of appeal signed by the trial judge, and furnished a suspensive appeal bond.
The only matter now before us is a plaintiff motion to dismiss the suspensive appeal taken by United States Fidelity. The motion is based on the contention that the delay for taking a suspensive appeal had expired prior to February 12, 1972 when United States Fidelity filed its petition for appeal.
On the face of the record with nothing more, plaintiffs’ contention is correct if notice of judgment was not required. Under LSA-C.C.P. Arts. 1913, 1974 and 2123, in the absence of such a notice requirement the delay for applying for a new trial commenced to run on the day after the judgment was signed and the petition for appeal was filed six days after the expiration of the fifteen day delay for the taking of a suspensive appeal.[1] However, if the trial court took the case under advisement as contemplated by the second paragraph of LSA-C.C.P. Art. 1913, mailing of the notice by the clerk was required without the request required by the third paragraph of LSA-C.C.P. Art. 1913, the delay for applying for a new trial commenced to run on the day after the clerk had mailed the notice, and the suspensive appeal was timely taken within the fifteen day period. LSA-C.C.P. Arts. 1913, 1974 and, in pertinent part, 2123 read:
“Notice of the signing of a default judgment against a defendant on whom citation was not served personally, and who filed no exceptions or answer, shall be served on the defendant by the sheriff, by either personal or domiciliary service.
Except as otherwise provided by Article 3307, when a case has been taken under advisement by the court notice of the signing of a final judgment therein shall be mailed by the clerk of court of the parish where the case was tried to the counsel of record for each party, and to each party not represented by counsel.
If, at the conclusion of a trial a case is not taken under advisement but the court does not sign a judgment at the time, a party may make a request of record for notice of the date when the judgment was signed; and when such a request is made, the clerk shall mail such notice to the party requesting it or to his counsel of record.
*341 The clerk shall file a certificate in the record showing the date on which, and the counsel and parties to whom, notice of the signing of the judgment was mailed.
Except as otherwise provided in the first three paragraphs of this article, notice of the signing of a final judgment is not required.” LSA-C.C.P. Art. 1913.
“The delay for applying for a new trial shall be three days, exclusive of holidays. This delay commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913.” LSA-C.C.P. Art. 1974.
“Except as otherwise provided by law, an appeal which suspends the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, only within fifteen days of:
(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;” LSA-C.C.P. Art. 2123.
In our opinion, the instant case was “taken under advisement” within the meaning of those words as used in LSA-C.C.P. Art. 1913. With regard to a single judge court, “advisement” is the act of the judge in taking time for consideration or deliberation, i. e., in taking time to consider all of his judgment before rendering and signing that judgment.[2] Here, while he did reach a conclusion as to the exact amount to be awarded to the plaintiff wife for her injuries, the judge did not reach such a conclusion as to the amount to be awarded to the plaintiff husband for special damages. It was necessary for him to review the medical bills and testimony referred to before he determined that amount and the case was “taken under advisement” for that purpose.
For the reasons assigned, the motion to dismiss the suspensive appeal is denied.
Motion to dismiss denied.

. Jefferson Ter. A. Jr. H. Ass’n. v. East Baton Rouge, etc., La.App., 281 So.2d 295; Gill v. Gill, La.App., 280 So.2d 609.

. See Black, Law Dictionary (4th Ed. 1972); 2A Words and Phrases “Advisement”.