26     APPELLATE COURTS OF ILLINOIS.

The United Cigar Stores Co. v. Worth-Gyles G. Co., 212 Ill. App. 26.

## The United Cigar Stores Company, Appellant, v. Worth-Gyles Grain Company, Appellee.

1. LANDLORD AND TENANT, § 87*—*when deemed that parties understood that premises were not to be occupied for another year.* It must be deemed that both landlord and tenant understood and intended that the premises, which had been rented for the term of one year ending on the 31st of December at 8 a. m., were not to be occupied by the tenant for another year, where the landlord wrote to the tenant early in December inclosing a lease, and, upon the tenant failing to sign it, wrote to him that if the lease for the next year was not signed and received by Saturday (December 30th) it would feel at liberty to lease the premises to another person January 1st, and on December 29th the tenant telegraphed the landlord that he had decided to move and would surrender the building on January 1st and the landlord did not answer the telegram.

2. TIME, § 1*—*exclusion of both Sunday and New Year's Day in computation of.* Both Sunday and New Year's Day are to be excluded in determining the time within which a tenant must vacate premises, rented for the term of one year expiring December 31st at 8 a. m., where December 31st falls on Sunday.

3. LANDLORD AND TENANT, § 88*—*when tenancy from year to year not created by tenant holding over.* A tenant cannot be held to have become a tenant from year to year because he did not vacate the premises before 8 a. m. on the 31st of December of the year for which the premises were rented, as required by the lease, where the 31st of December fell on Sunday, and neither the landlord nor the tenant intended that the tenant should be a tenant for another year, even though he could have vacated the premises on Sunday without disturbing the peace and good order of society.

4. WORDS AND PHRASES—*"holiday" defined.* A "holiday" is a day on which ordinary occupations are suspended.

Appeal from the Circuit Court of McLean county; the Hon. SAIN WELTY, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed April 19, 1918.

RAYBURN & BUCK, for appellant; MUSGRAVE, OPPENHEIM & LEE, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

FRANK GILLESPIE and THOMAS S. WELDON, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

The United Cigar Stores Company began this suit before a justice of the peace January 25, 1917, against the Worth-Gyles Grain Company to recover $50 claimed to be due for rent. From a judgment for the defendant before the justice of the peace, plaintiff took an appeal to the Circuit Court. At the trial in the Circuit Court a verdict was directed for the defendant, on which judgment was rendered. The plaintiff appeals to this court.

The appellee occupied a room rented from appellant under a written lease for a term commencing January 1, 1916, "and ending on the 31st day of December, 1916, at 8 a. m." at an annual rental of $600, payable in equal monthly payments in advance on the first day of each month. Early in December, 1916, appellant wrote to appellee from Chicago inclosing a lease for another year. Appellee did not execute the renewal lease. On December 27th, appellant wrote to appellee that if it did not receive the lease signed for the coming year by Saturday, it would feel at liberty to lease the premises to another on January 1st. On December 29th, appellee sent a telegram to appellant that he had decided to move and would surrender the building on January 1st. Appellant did not reply to this telegram. December 31, 1916, was Sunday. The appellee prepared to move out of the building. He transacted no business in the building on New Year's Day, January 1st, but moved out and surrendered the keys in the forenoon of that day to the agent of appellant.

It is insisted by appellant that by not moving before 8 a. m. Sunday, the appellee became a tenant

from year to year and liable on January 1st for $50 rent for that month.

The letter of appellant of date December 27th, and the telegram of appellee to appellant of date December 29th, which was not answered by appellant, demonstrate that both the parties understood and intended that the premises were not to be occupied by appellee as a tenant for another year.

While all work on Sunday is not forbidden in Illinois by statute, the Criminal Code provides in section 261 (J. & A. ¶ 3948) that: "Whoever disturbs the peace and good order of society by labor, or by any amusement or diversion on Sunday, shall be fined not exceeding $25." When the last day of a term within which an act is to be performed falls on Sunday, then the usual rule is that the party has the following day to perform it, and it has been held that when a lease expires on Sunday the tenant has the following day to vacate the premises. Tiffany on Landlord & Tenant, vol. 2, p. 1468; *Frost v. Akron Iron Co.,* 1 N. Y. App. Div. 449, 37 N. Y. Supp. 374; 28 Am. & Eng. Encyc. of Law 224; *Pressed Steel Car Co. v. Eastern Ry. Co. of Minnesota,* 121 Fed. 609. "Both at common law and by statute, when the last day of a period in which an act is to be done falls on a legal holiday, that day is excluded and the act may be done on the next succeeding day, and where the next day is a Sunday, performance may be had on the next secular day." 38 Cyc. 331.

A "holiday" is a day on which ordinary occupations are suspended. "The first day of January, commonly called New Year's Day, the twenty-second day of February * * * are hereby declared to be legal holidays * * *." J. & A. St. ¶ 7638. This provision of the statute is in the chapter concerning negotiable instruments and these days are by custom universally observed as holidays.

Appellee might have vacated the premises on Sun-

day, if such act would not have disturbed the peace and good order of society, yet it may not be punished by being held to have become a tenant from year to year because it did not vacate on that day, when neither of the parties intended that appellee was to be a tenant for another year. *Clinton Wire Cloth Co. v. Gardner,* 99 Ill. 165. There was no error in directing a verdict for the appellee. The judgment is affirmed.

*Affirmed.*