**CITY OF VALDEZ, Petitioner,**

v.

**VALDEZ DEVELOPMENT COMPANY, a partnership consisting of Jerry J. Mc-Cutcheon, et al., Respondents.**

**No. 1729.**

Supreme Court of Alaska.

March 5, 1973.

Kenneth P. Jacobus, of Hughes, Thorsness, Lowe, Gantz & Clark, Anchorage, for petitioner.

John E. Havelock, Atty. Gen., James N. Reeves, Asst. Atty. Gen., Juneau, for State of Alaska, amicus curiae.

OPINION

Before RABINOWITZ, C. J., and CONNOR and BOOCHEVER, JJ.

BOOCHEVER, Justice.

The City of Valdez filed a motion in the superior court challenging the validity of

AS 24.40.030,[1] which provides for an automatic continuance of a trial or proceeding in a court when it appears that either a party, attorney of record, or a principal witness is a member of the legislature. The City has filed a petition for review of the order denying that motion and holding the statute to be constitutional.

This petition does not concern the merits of the litigation in the court below between the Valdez Development Company, a partnership, and the City. Based on the fact that one of the partners was a member of the legislature, the Valdez Development Company on January 27, 1972 secured a continuance of a trial originally set for February 7, 1972 "until the earliest date available for trial more than 30 days following the final adjournment of the present Legislature." No review was sought of that order.

In April 1972, however, the City moved for summary judgment on the merits of the case and sought to have AS 24.40.030 declared unconstitutional. On May 12, 1972, Judge Davis ruled that the statute was constitutional, and on May 18 the City petitioned this court for review.[2] The partnership has not filed a respondents' brief, but the State of Alaska has submitted a brief and orally argued for the constitutionality of the statute as amicus curiae.[3]

---

1. AS 24.40.030 provides:

   *Postponement of civil proceedings when a party, attorney or witness is a member of the legislature.* The trial of a civil action, or proceeding in a court, or of any administrative proceeding before a state agency or officer, irrespective of the date of filing or when it became at issue, or the hearing of any motion or other proceeding shall be postponed when it appears to the court, agency, or officer before which the action or proceeding is pending that either a party, or an attorney of record (whether he became an attorney of record before or after the commencement of a legislative session or before or after his appointment to a legislative committee) or a principal witness is a member of the legislature of this state and that the legislature is in session or in recess (not exceeding a recess of 35 days) or that a legislative interim committee of which he is a member is meeting, or is to meet within a period which the court finds does not exceed the time reasonably necessary to enable the member to reach the committee meeting by the ordinary mode of travel. When the legislature is in session or in recess the action or proceeding shall not, without the consent of the attorney of record, be brought on for trial or hearing before the expiration of 30 days following final adjournment of the legislature or the commencement of a recess of more than 35 days. If a date is available during recess, continuance shall be given if possible to the earlier date. When a legislative committee is meeting, or is to meet within a period which the court finds does not exceed the time reasonably necessary to enable the member to reach the committee meeting by the ordinary mode of travel, the action or proceeding shall not, without the consent of the attorney of record, be brought on for trial or hearing before the expiration of the period necessary following the adjournment or recess of the committee meeting as the court finds is reasonably necessary to enable the member to reach the place of trial or hearing by the ordinary mode of travel from the place of the committee meeting, unless at the expiration of that period the legislature is to be in session; and in that case the action or proceeding shall not, without his consent, be brought on for trial or hearing before the expiration of 30 days next following final adjournment or the commencement of a recess of more than 35 days. If a date is available during the recess, continuance shall be given to the earlier date.

2. It would have been preferable for the City to have sought review of the order of January 27, 1972 which originally granted the continuance. In view of the importance of the issues here presented to the orderly administration of the judicial system, we have elected to relax the requirement of Supreme Court Rule 27 providing that a petition for review be filed within 10 days after the making of an order. Supreme Court Rule 52 authorizes such relaxation of the rules.

3. There was a failure to comply with Alaska Civil Rule 24(c) which provides in part:

   When the constitutionality of a state statute affecting the public interest is drawn in question in any action to

We deem this case to be an appropriate one in which to grant review since the order holding the statute to be constitutional affected a substantial right in the proceeding and discontinued the action. Postponement of review until appeal would result in injustice involving unnecessary delay and expense.[4] We further find that the question involved "is of such substance and importance as to justify deviation from the normal appellate procedure by way of appeal and to require the immediate attention of this court."[5]

The State contends that this matter is moot as the legislature terminated its session prior to the hearing of oral arguments, and the case is now calendared for trial in the superior court. Because of the time necessarily involved in adjudicating a petition for review, however, this is the type of issue that might evade decision if rendered moot whenever the legislature is not in session.[6] Furthermore, the issue is of great importance in the orderly administration of our court system. In Doe v. State, 487 P.2d 47, 53 (Alaska 1971) we stated:

> Ordinarily we will refrain from deciding questions where the facts have rendered the legal issues moot. But where the matter is one of grave public concern and is recurrent but is capable of evading review, we have undertaken review even though the question may be technically moot. (Footnote omitted.)

We find this to be an appropriate occasion in which to apply that exception to the mootness doctrine.[7]

AS 24.40.030 dictates the postponement of all trials, court proceedings, hearings of any nature or other proceedings when a party, attorney of record (whether he became an attorney of record before or after the commencement of a legislative session or before or after his appointment to a legislative committee), or a principal witness is a member of the legislature. In general terms, the postponement is required during the period that the legislature is in session or in recess (not exceeding a recess of 35

---

which the state or an officer, agency, or employee thereof is not a party, the court shall notify the Attorney General of Alaska of such fact, and the state shall be permitted to intervene in the action.

Since the State has had the opportunity to brief and argue the matter before us, it has not been prejudiced by this failure to comply with our rules. Under the circumstances of this case we regard the failure to comply with Alaska Civil Rule 24(c) as harmless error.

4. Supreme Court Rule 23 states that an aggrieved party may petition this court for review:

  (c) From any order affecting a substantial right in an action or proceeding which . . . discontinues the action; . . .

  .  .  .  .  .

  (e) Where postponement of review until appeal may be taken from a final judgment will result in injustice . . . because of unnecessary delay, expense, hardship or other related factors.

5. Supreme Court Rule 24 specifies:

  A review shall not be a matter of right, but will be granted only: (1) where

the order or decision sought to be reviewed is of such substance and importance as to justify deviation from the normal appellate procedure by way of appeal and to require the immediate attention of this court; (2) where the sound policy behind the general rule of requiring appeals to be taken only from final judgments is outweighed by the claim of the individual case that justice demands a present and immediate review of a particular non-appealable order or decision; or (3) where the superior court has so far departed from the accepted and usual course of judicial proceedings, or so far sanctioned such a departure by an inferior court or administrative tribunal, as to call for this court's power of supervision and review.

6. In oral argument the State conceded that this very issue is capable of repetition and could continue to evade review if the doctrine of mootness were to be applied.

7. *See also* Etheredge v. Bradley, 502 P.2d 146, 153 (Alaska 1972); R. L. R. v. State, 487 P.2d 27, 45 (Alaska 1971); In re G. M. B., 483 P.2d 1006 (Alaska 1971).

days) or that a legislative interim committee of which he is a member is meeting, and for a period of 30 days following adjournment of the legislature.[8]

The statute therefore conflicts with Alaska Civil Rule 40(f)[9] which requires the hearing of cases on the date set for trial unless "continued by order of the court for cause shown." Under that rule the applicant must set forth all reasons for the continuance, and the court must then decide whether adequate cause has been shown.

Whether a party, attorney of record, or principal witness is a member of the legislature would certainly be a consideration in ascertaining whether or not cause is shown for a continuance. But it does not follow that in all such cases a continuance would be justified under Rule 40(f). For example, in a suit against a partnership, a partner could be a party in a case, yet have no knowledge of the facts involved and take no active part in the proceedings. The statute would nevertheless require a continuance if that partner were a member of the legislature. It even prohibits any hearings on motions, thus, in effect preventing efforts at discovery and related trial preparation. Moreover, under the terms of the statute, a party seeking an unjustifiable delay of proceedings may discharge his attorney and retain an attorney member of the legislature, thus automatically becoming entitled to a continuance.

Article IV, section 15, of the Alaska constitution provides:

The supreme court shall make and promulgate rules governing the administration of all courts. It shall make and promulgate rules governing practice and procedure in civil and criminal cases in all courts. These rules may be changed by the legislature by two-thirds vote of the members elected to each house.

The above provision was construed by this court in Leege v. Martin, 379 P.2d 447 (Alaska 1963). In that case a statute which prohibited granting a stay pending appeal of the license forfeiture provisions of a fish and game statute[10] was found unconstitutional.

In *Leege* a rule promulgated by the supreme court, Supreme Court Rule 7(d), allowed the court to stay the enforcement of a judgment.[11] The statute had the effect of changing that rule, but neither the language nor the legislative history of the enactment evidenced any intention to change it. The court held that the legislature could only change rules, not adopt them for the court,[12] must state its intention to do so in the act, and must enact such legislation by a two-thirds majority of both houses.[13] Based in part on these criteria the statute was found to be unconstitutional.[14]

---

8. AS 24.40.030 is set forth in full at n. 1, *supra*.

9. Alaska Civil Rule 40(f) states:
   (1) All cases set for trial shall be heard on the date set unless the same are continued by order of the court for cause shown.
   (2) Unless otherwise permitted by the court, application for the continuance of the trial of the case shall be made to the court at least 5 days before the date set for trial. The application must be supported by the affidavit of the applicant setting forth all reasons for the continuance. If such case is not tried upon the date set, the court in its discretion may impose such terms as it sees fit, and in addition may require the payment of jury fees and other costs by the party at whose request the continuance has been made.
   (3) When parties are present in court and ready for trial on the day set for trial, but their case is not reached on that day, they will retain their relative position on the calendar and on the next open trial day they will be entitled to precedence over cases set for trial on the last-mentioned day.

10. SLA 1959, ch. 94, art. III, § 11, as amended SLA 1961, ch. 112. The statute is reproduced and discussed at 379 P.2d 448, 449.

11. 379 P.2d at 449.

12. *Id.* at 450.

13. *Id.*

14. *Id.* at 451.

In *Leege* the statute was enacted by a two-thirds majority of both houses but did not indicate an intention to change the court rules which were in existence prior to the amendment of the statute. AS 24.-40.030 was enacted in 1959, prior to the functioning of the Alaska Supreme Court and its promulgation of the Alaska Rules of Civil Procedure. Nevertheless, at the time of the enactment of this statute the courts were utilizing the Uniform Rules of the District Court for the District of Alaska. Rule 4(f) of those rules was in all material matters identical to the present Alaska Civil Rule 40(f).[15] Thus, the enactment of AS 24.40.030 constituted an attempt to modify the rules of court then in effect, in violation of article IV, section 15, of the Alaska constitution.[16] In order to effect such a modification it was necessary not only that the bill be passed by two-thirds vote, but that "the specific intent of the legislature to change procedure is expressed in the bill itself. . . ."[17] In *Leege*[18] we stated:

Judicial power to make rules of practice and procedure is not absolute. The legislature may change rules initiated by the judiciary when the desirability of making a change is evident, such as in a case where a particular rule of procedure may involve considerations of public policy that are better left to the legislature to pass upon. But this power of legislative review is not without restric-

tions. The constitutional convention was careful to provide that court rules could not be changed as simply as other laws could be enacted. A two-thirds vote of the members elected to each house, rather than a simple majority, is required in order to change rules of practice and procedure.

This case illustrates the sound reasons for placing in the judicial branch of government rather than in the legislature the initial and primary responsibility for making rules of court practice and procedure. The administration of justice is the day-to-day business of the courts; they are better equipped than a legislature to know the most effective and easiest methods of conducting that business.

The field of judicial procedure should not remain static; there is need for regular review and revision of basic rules "to keep them abreast of new trends and applicable generally to the substantive law as it develops." The legislative process does not readily adapt itself to that end. Unfamiliar with court practice, legislatures are not in a position to recognize the need for procedural revision when it arises. . . . (Footnote omitted.) [19]

The statute in question was enacted in 1959, at which time the legislative session was 81 days long.[20] At that time the provisions of AS 24.40.030 did not necessarily

15. Article XV, section 17, of the Constitution of the State of Alaska specifies in part:
    Until the courts provided for in Article IV are organized, the courts, their jurisdiction, and the judicial system shall remain as constituted on the date of admission unless otherwise provided by law. . . .
    The judicial system, in order to be effective, had to include the court rules which were in effect when Alaska became a state.

16. If AS 24.40.030 were to be considered as having been enacted prior to the promulgation of the rules referred to in article IV, section 15, of the Alaska constitution, the statute has been supersed-

ed by Rule 40(f). Alaska Civil Rule 93 specifies:
    These rules are promulgated pursuant to constitutional authority granting rule making power to the supreme court, and to the extent that they are inconsistent with any procedural provisions of any statute not enacted for the specific purpose of changing a rule, shall supersede such statute to the extent of such inconsistency.

17. Leege v. Martin, 379 P.2d 447, 451 (Alaska 1963).

18. 379 P.2d 447, 450.

19. Leege v. Martin, 379 P.2d 447, 450 (Alaska 1963).

20. House Journal, 1st Leg., 1st Sess. (1959).

interfere greatly with the administration of the judicial system. The 1972 session extended from January 10 through June 18, 161 days.[21] When additional periods of time involving attendance at interim legislative committee meetings and the 30 days from the adjournment of sessions are added as required by the statute, it is readily apparent that the mandatory continuance provision can have grave consequences on the administration of the judicial system.

We are not unmindful, however, of the great importance that the orderly conduct of legislative affairs has upon our state. Proper consideration will continue to be given to the fact that a party, attorney, or witness is a member of the legislature and is required to attend to legislative duties at certain times of the year. We doubt that any judge would abuse his discretionary power by failing to give proper regard to the great importance of the orderly conduct of legislative affairs. If there should be an instance of such abuse of power, a party has recourse to this court by way of review under Supreme Court Rules 23 through 32, and in a proper case he may obtain a stay of proceedings in the superior court by application to this court or to an individual Justice under Supreme Court Rules 33(b) and 44(b).

In view of our holding that AS 24.-40.030 is in violation of the provisions of article IV, section 15, of the Alaska constitution, we do not reach the City's further contention that it is violative of the equal protection clause of the fourteenth amendment to the United States Constitution.[22]

The order of the superior court denying the City's motion to declare AS 24.40.030 void is reversed.

ERWIN and FITZGERALD, JJ., not participating.

21. House Journal, 7th Leg., 2d Sess. (1972).

22. We further do not reach the question of whether the statute constitutes a usurpation of the judicial power of the state

which, under the provisions of article IV, section 1, of the Alaska constitution, is vested in "a supreme court, a superior court, and the courts established by the legislature . . . ."