**Roy DAVID, Petitioner,**

v.

**STURM, RUGER & CO., INC., a Connecticut Corporation, and Wadsworth Lumber Supply, Respondents.**

**No. 3141.**

Supreme Court of Alaska.

Dec. 29, 1976.

---

**1134**

H. Bixler Whiting, Whiting & Blanton, Fairbanks, for petitioner.

Robert L. Richmond, Richmond, Willoughby & Willard, Anchorage, for respondents.

1. AS 09.10.070 specifies:
   *Actions to be brought in two years.* No person may bring an action (1) for libel, slander, assault, battery, seduction, false imprisonment, or for any injury to the person or rights of another not arising on contract and not specifically provided otherwise; (2) upon a statute for a forfeiture

Before BOOCHEVER, Chief Justice and RABINOWITZ, CONNOR, ERWIN and BURKE, Justices.

## OPINION

BOOCHEVER, Chief Justice.

This is a petition for review from an order of the superior court dismissing a strict liability claim as untimely filed under the applicable statute of limitation, AS 09.-10.070.[1] Petitioner was injured on July 3, 1974. The limitation period for this cause of action terminated on July 3, 1976, a Saturday, when the court is closed. The following Monday, July 5, was a legal holiday, and the suit was filed on the next day that the court was open, July 6, 1976.[2]

AS 01.10.080 specifies:

*Computation of time.* The time in which an act provided by law is required to be done is computed by excluding the first day and including the last, unless the last day is a holiday, and then it is also excluded.

The section was enacted as Section 6 of Chapter 62, SLA 1962. Section 1 of that act stated:

*Applicability of Act.* The provisions of this Act shall be observed in the construction of the laws of the state unless such construction would be inconsistent with the manifest intent of the legislature.

We are thus required to construe whether the phrase "unless the last day is a holiday, and then it is also excluded" was intended by the legislature to exclude a Saturday when court is not in session and the office of the clerk is closed.

When the act required to be performed within a certain period of time is the filing of pleadings with the court, the

or penalty to the state; or (3) upon a liability created by statute, other than a penalty or forfeiture; unless commenced within two years.

2. Plaintiff's counsel was first contacted about the case on Friday, July 2, 1976, at approximately 6:00 p. m.

manifest intent of the legislature appears to require exclusion of the last day from the computation if it should fall on a day when the courts are closed.[3] For the purpose of AS 01.10.080, Saturday is a court holiday. "Holiday" has been defined as "a day upon which the usual operations of business are suspended and the courts closed, and, generally, no legal process is served".[4] Further support for this reading of the legislative intent can be found in *Laubisch v. Roberdo*, 43 Cal.2d 702, 277 P. 2d 9, 14 (1954). Construing the meaning of "holiday" in an analogous statute, the California Supreme Court stated:

> the purpose of [the provision] was to give to persons required by law to perform an act within a certain period an extension of time equal to the number of intervening holidays which deprived them of access to public offices or institutions for the transaction of business.[5]

A similar functional analysis was applied in *John Allan v. Sesser Concrete Products Co.*, 114 Ill.App.2d 186, 252 N.E.2d 361, 363 (1969), a case directly on point. There the court was faced with a statute which allowed an "extra" day if a time period terminated on a Sunday or holiday. It held that Saturday should not be considered the final day of a redemption period, noting that, as a practical matter, where an office is closed or not known to be open on the final day for the doing of an act, that day should be excluded.[6]

Since the last day for the running of the statute of limitations fell on a Saturday, and the following Monday was a legal holiday, it follows that the claim which was filed on July 6 was not barred by the statute of limitation.[7] The petition for review is granted, and the order dismissing the claim is reversed.

REVERSED.

3. Civil Rule 3 states:
   *Commencement of Action.* A civil action is commenced by filing a complaint with the court.

4. Black's Law Dictionary, p. 865 (Rev. 4th Ed. 1968); *United Cigar Stores Co. v. Worth-Gyles Grain Co.*, 212 Ill.App. 26 (1918). See *Wade v. Dworkin*, 407 P.2d 587, 589 (Alaska 1965), where we interpreted AS 15.20.430 to mean that when the last day fell on Sunday, it was excluded, although intervening Sundays were to be counted.

5. The court held that "V-J Days" in 1945 on which offices were open were not "holidays" within the meaning of the statute, even though employers could receive reimbursement for wages paid to employees who chose not to work.

6. See also *Mary Gail Coal Co. v. Rhodes*, 284 S.W.2d 97 (Ky.App.1955). The issue in *Mary Gail* was whether a mail application which would have been delivered to the Workmen's Compensation Board on a Saturday (the last day of the applicable statute of limitation) was timely. The application was not delivered on the Saturday because of the Board's unpublicized instruction to the postmaster not to deliver mail on that day. The court took a practical view of the matter, looking to normal circumstances and the party's expectations and held the application to be properly filed although it was not delivered until the following Monday.

7. Civil Rule 6(a) on computation of time is similar to AS 01.10.080 in regard to applica-

ble considerations here involved. Rule 6(a) specifies:

> (a) *Computation.* In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Sunday or legal holiday, in which event the period runs until the end of the next day which is neither a Sunday nor a holiday. When the period of time prescribed or allowed is less than 7 days, intermediate Sundays and holidays shall be excluded in the computation. A half holiday shall be considered as other days and not as a holiday.

We construe the words "Sunday or legal holiday" in a like manner to our construction of the statute. Accordingly, we are not required to determine whether computation of time for the running of a statute of limitation should be considered procedural, in which event the rule controls; or substantive, so that the statute would control. See Alaska Constitution, Art. IV, Sec. 15; *Winegardner v. Greater Anchorage Area Borough*, 534 P. 2d 541, 545–46 (Alaska 1975); *City of Valdez v. Valdez Development Co.*, 506 P.2d 1279, 1282–84 (Alaska 1973); *R.L.R. v. State*, 487 P.2d 27, 38 n. 74 (Alaska 1971); *Channel Flying, Inc. v. Bernhardt*, 451 P.2d 570, 575–76 (Alaska 1969); *Silverton v. Marler*, 389 P.2d 3, 6 (Alaska 1964).