Angela Lea FIELDS, a/k/a Angela
Lea McFetridge, Appellant,

v.

FAIRBANKS NORTH STAR BOROUGH,
Fairbanks North Star Borough
School District, Appellees.

No. S–4270.

Supreme Court of Alaska.

Oct. 11, 1991.

---

Richard W. Wright, Fairbanks, for appellant.

Constance Cates Ringstad, Call, Barrett & Burbank, Fairbanks, for appellees.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

MOORE, Justice.

We are presented with the narrow question of when a minor reaches the age of majority for the purpose of computing the applicable limitations period. Angela Lea McFetridge claims that she was injured while a minor; she filed an action seeking damages against Fairbanks North Star Borough on the first business day following her twentieth birthday. The superior court granted summary judgment in favor

of FNSB on the ground that the incapacity of a minor ceases one day prior to his or her eighteenth birthday and thus, the two year statute of limitations on McFetridge's action was tolled one day prior to her twentieth birthday. We reverse and remand for proceedings on the merits of McFetridge's claim.

### I.

Angela Lea McFetridge, then Angela Lea Fields, was allegedly injured at the North Pole High School on October 25, 1985. She was born on February 3, 1970, thus she was a minor at the time of her alleged injury. McFetridge filed a tort action against Fairbanks North Star Borough (FNSB) on Monday, February 5, 1990, the first business day following her twentieth birthday.

FNSB subsequently moved for summary judgment on the ground that McFetridge's action was barred by the statute of limitations. The superior court granted FNSB's motion and dismissed McFetridge's claim stating that McFetridge "reached the age of eighteen on February 2, 1988, the day before the eighteenth anniversary of her birth ... [T]his action was thus filed more, by one day, than two years after the termination of her disability of minority." McFetridge appeals.

### II.

The statute of limitations for tort actions is two years. AS 09.10.070.[1] However, the disability of minority tolls this time limitation. AS 09.10.140.[2] Thus, the two year period during which McFetridge's action could be commenced did not begin to run until she reached eighteen, the age of ma-

---

**1.** AS 09.10.070 provides in pertinent part:
No person may bring an action (1) for libel, slander, assault, battery, seduction, false imprisonment, or for any injury to the person or rights of another not arising on contract and not specifically provided otherwise ... unless commenced within two years.

**2.** Alaska Statute 09.10.140 provides:
Disabilities of minority, incompetency and imprisonment. If a person entitled to bring an action mentioned in this chapter is at the

time the cause of action accrues either (1) under the age of majority, or (2) incompetent by reason of mental illness, or (3) imprisoned on a criminal charge, or in execution under sentence of a court for a term less than the person's natural life, the time of the disability is not a part of the time limited for the commencement of the action. But the period within which the action may be brought is not extended in any case longer than two years after the disability ceases.

jority. AS 25.20.010. As there is no dispute as to the applicable statute of limitations, the only issue before us is when the statute began to run.[3]

■ The common law method for counting time periods excludes the first day of the prescribed period and includes the last. In Alaska, this method has been employed consistently in diverse contexts and was codified prior to statehood. *See Lowe v. Hess*, 10 Alaska 174, 177 (D.Alaska 1941); *see also Reed v. Municipality of Anchorage*, 741 P.2d 1181 (Alaska 1987); *Wade v. Dworkin*, 407 P.2d 587 (Alaska 1965). Thus, the day on which an event occurs is not counted within the time period allotted for legal actions arising from that event. *Alaska Christian Bible Inst. v. State*, 772 P.2d 1079, 1080–81 (Alaska 1989) (first day of legislative session not counted in calculating constitutional 120–day session limit); *Nickels v. State*, 545 P.2d 163 (Alaska 1976) (the day of defendant's arrest is not to be counted in determining whether defendant was brought to trial within the 120–day limitation of Alaska Criminal Rule 45).

■ The common law rule for computation of time periods has been codified. AS 01.10.080; *see also* Alaska Civil Rule 6. Both statutory and case law are clear that if the last day of the period is a holiday, it is excluded in the computation of time. AS 01.10.080; *David v. Sturm, Ruger & Co.*,

557 P.2d 1133, 1134–35 (Alaska 1976). For the purposes of AS 01.10.080, a "holiday" is a "day upon which the usual operations of business are suspended and the courts are closed." *Id.* at 1135. Therefore, both Saturdays and Sundays are holidays under the act.

However, there is an archaic exception to the general common law method for time computation under which a person is deemed to have reached a given age on the earliest moment of the day preceding an anniversary of birth.[4] This legal fiction results in an exception to traditional rules for computation of time in that, when the time period is commenced by a birthdate, the date of the event (the actual birthday) is counted. *See United States v. Tucker*, 407 A.2d 1067, 1070 (D.C.1979). In the present case, the superior court apparently concluded that the birthday exception to the common law rule applied for the purpose of ceasing the disability of minority.[5] Thus, it ruled that the statute of limitations on McFetridge's claim began to run on February 3, 1988 and expired on February 2, 1990, one business day before her claim was filed.

■ FNSB contends summary judgment was proper because this ancient exception has been incorporated into the common law rule for time computation and, having acquired common law status, it must be maintained in the absence of a clear legislative

---

**3.** This is an appeal from a grant of summary judgment. Accordingly, we will review the issue *de novo*. *Kollodge v. State*, 757 P.2d 1028 (Alaska 1988).

**4.** The exception apparently stems from the legal fiction that a day has no fractions. When this fiction is applied, a person achieves a given age on the first instant of the anniversary of his or her date of birth. During the seventeenth century, judges noted that the first moment of the birthday and the last moment of the preceding day are indistinguishable. They took the fiction that a day has no fractions one step further, reasoning that since the birth anniversary and the day preceding it are inseparable, the date of birth must be deemed to occur at the first moment of the preceding day. The attainment of legal age was thus advanced by twenty-four hours. Annotation, *Age—Computation*, 5 A.L.R.2d 1143, 1145 (1949). Of course, this reasoning requires an arbitrary line to be drawn,

or the birth anniversary will be accelerated day-by-day indefinitely. *See id.*

**5.** The superior court may have relied on *Turnbull v. Bonkowski*, 419 F.2d 104 (9th Cir.1969), in which the United States Court of Appeals for the Ninth Circuit concluded that the birthday exception applied to computation of time under Alaska common law and under AS 01.10.080. However, we are not bound by that court's interpretation of state law. Notably, at the time of the *Bonkowski* action, the Ninth Circuit expressed concern that it was offering an opinion of first impression on Alaska law and sought the opinion of the Alaska Supreme Court on the issue. However, at that time this court believed it was precluded from answering questions of state law certified to it by the federal courts. Such questions may now be certified to the supreme court under Alaska Appellate Rule 407(a).

determination to the contrary. However, we have stated that the common law applicable in Alaska is not the old English common law, but rather an evolving common law. *Howarth v. Pfeifer*, 443 P.2d 39, 44 (Alaska 1968). As Justice Holmes stated:

> It is revolting to have no better reason for a rule of law than that so it was laid down in the time of Henry IV. It is still more revolting if the grounds upon which it was laid down have vanished long since, and the rule simply persists from blind imitation of the past.

*The Path of the Law*, 10 Harv.L.Rev. 457, 469 (1897). Therefore, when a discrete common law rule cannot be supported by persuasive reasoning, we will not perpetuate it merely on the basis of judicial precedent. *See Young v. State*, 455 P.2d 889, 893 (Alaska 1969).

Commentators have criticized the anomalous common law rule for computing age as contrary to reason and common sense, and courts in many jurisdictions have rejected it. *See, e.g., United States v. Tucker*, 407 A.2d 1067 (D.C.1979); *Patterson v. Monmouth Regional High School Bd. of Educ.*, 222 N.J.Super. 448, 537 A.2d 696 (App.Div.1987); *State v. Alley*, 594 S.W.2d 381 (Tenn.1980). Even courts which have adopted the rule have "candidly admitted that rather than being persuaded by the soundness of its application, they have adopted it on the basis that it was so well established over a long period of time that the rule attained an independent status of its own." *Tucker*, 407 A.2d at 1070.

The old practice of deeming a person to have achieved a given age on the day prior to his or her birthday is contrary to the popular understanding of birthdate. Moreover, it is inconsistent with the common application of other legal concepts which are dependent on the computation of an individual's age, such as the determination of juvenile status in criminal matters and the attainment of age for certain legal privileges and responsibilities like voting, consuming alcohol and driving an automobile. We decline to follow a rule which defies logical explanation and which is utterly inconsistent with popular and legal conceptions of time and birthdate.

 Therefore, we hold that attainment of the age of majority is analogous to other events that trigger running of time periods; the limitation period excludes the day of the event (attainment of majority), and includes the last day in the period, unless that day is a holiday. Under this rule, McFetridge's action was timely. Her disability of minority ceased as of her eighteenth birthday. Thus, the two-year statute of limitations began to run on February 4, 1988 and ended on February 3, 1990. Since February 3, 1990 fell on a Saturday, a claim filed on the following Monday, February 5, 1990, was not barred by the statute of limitations.

REVERSED and REMANDED for proceedings on the merits.