**Eric B. FOWLER, Appellant,**

**v.**

**STATE of Alaska, Appellee.**

**No. A–8254.**

Court of Appeals of Alaska.

May 23, 2003.

Marcia E. Holland, Assistant Public Defender, and Barbara K. Brink, Public Defender, Anchorage, for Appellant.

Kenneth M. Rosenstein, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

*OPINION*

STEWART, Judge.

On May 8, 2001, the Alaska Legislature passed a bill that amended the definition of felony driving while intoxicated, AS 28.35.030(n).[1] Previously, driving while intoxicated had been a felony if a defendant had two prior convictions within the preceding five years. The 2001 amendment increased the "look-back" period to ten years.

Under Alaska law, a bill takes effect on the 90th day after the governor signs it, unless the legislature specifies otherwise.[2] Here, the legislature did specify otherwise: the bill provided that the amended version of AS 28.35.030(n) would take effect on July 1, 2001 (about eight weeks after the legislature passed the bill). However, the legislature delayed transmitting the bill to the governor until June 20,[3] and the governor did not sign the bill until July 3—*i.e.*, after the legislature's specified effective date.

On the following day—July 4, 2001—Eric Fowler committed the offense of driving while intoxicated. He had two prior convictions within the preceding ten years, but not within the preceding five years. Thus, Fowler's offense would be a felony if the amended law was in effect on July 4, but only a misdemeanor if the amended law had not yet taken effect.

Fowler argues that because the governor did not sign the bill until after the effective date specified by the legislature, the bill must be treated as if the legislature had never specified a special effective date. According to this argument, the new law must be deemed to have gone into effect on October 1—the 90th day following the governor's signature.

Alternatively, Fowler argues that even if the new law would normally have gone into effect on the day after the governor signed it, there was an additional delay in this case because the following day was July 4, a state holiday. Fowler argues that a new law cannot take effect on a holiday.

For the reasons explained here, we reject both of Fowler's arguments. We conclude that the new version of AS 28.35.030(n) took effect at 12:01 a.m. on July 4, 2001—and that Fowler was therefore properly charged with felony driving while intoxicated.

*A brief description of Alaska law on this subject*

Article II, Section 18 of the Alaska Constitution states: "Laws passed by the legislature [normally] become effective ninety days after enactment [, but the] legislature may, by concurrence of two-thirds of the membership of each house, provide for another effective date." To clarify and carry out the mandate of this constitutional provision, the legislature enacted AS 01.10.070.

Under subsection (b) of this statute, a bill that does not specify a particular effective date takes effect at 12:01 a.m., Alaska Standard Time, on the 90th calendar day following the governor's signature.[4] Under subsection (c), if a bill specifies that it takes effect "immediately," the bill takes effect at 12:01 a.m., Alaska Standard Time, on the day after it is signed by the governor.[5]

1. *See* 2001 SCS CSHB 132, later enacted as SLA 2001, ch. 63.

2. AS 01.10.070(a).

3. *See* 2001 House Journal 1864.

4. Alternatively, if the governor vetoes the bill, AS 01.10.070(b) provides that the bill takes effect on the 90th day following the legislature's vote overriding the veto. And if the governor takes no action on the bill, the bill takes effect on the 90th day following the expiration of the time allowed for gubernatorial action under Article II, Section 17.

5. Similarly, if the governor vetoes the bill, AS 01.10.070(c) provides that the bill takes effect on the day following the legislature's vote overriding the veto.

Subsection (d) of AS 01.10.070 deals with bills that specify a particular effective date. The current version of subsection (d) codifies a rule that resolves situations like the one presented in Fowler's case:

(d) An Act that specifies a definite effective date becomes effective at 12:01 a.m., Alaska Standard Time, on the date specified. However, if the specified ... effective date is on or before the day the governor signs the Act, ... the Act becomes effective at 12:01 a.m., Alaska Standard Time, on the day after the governor signs the Act....

The problem is that when the events in Fowler's case arose in 2001, subsection (d) did not contain the second sentence. Thus, the 2001 version of AS 01.10.070(d) did not answer the question posed by this case: When does a bill take effect if the governor fails to sign the bill until after the legislatively specified effective date?

Although the current version of AS 01.10.070(d) resolves this problem, the current version of the statute does not govern Fowler's case.[6] We must therefore ascertain the common law on this topic as it existed in 2001, before AS 01.10.070(d) was amended to resolve this situation.

*Fowler's argument that the amended law took effect 90 days after the governor signed the bill because the governor failed to sign it by the legislatively specified enactment date*

 Fowler first argues that because the 2001 version of AS 01.10.070 did not contain an explicit rule to govern the situation presented in this case, we must presume that the "default" rule applied—that, unless the legislature specifies a different date, a statute takes effect on the 90th day after the governor signs it.

Fowler asserts that this result follows from the rule that an ambiguous penal statute

must be construed against the government.[7] But AS 01.10.070 is not a penal law. It is a law of general application that governs the effective date of all statutes enacted by the legislature, whether those statutes be criminal or civil.

For purposes of the rule requiring resolution of ambiguities against the government, a "penal" law is one "that defines an offense [or] prescribes its corresponding ... punishment."[8] This rule of construction does not apply when the statute under consideration is a statute of general application.[9] For example, in *Commonwealth v. Broughton*,[10] the court held that the rule of construing ambiguities against the government did not apply to a statute that established proof requirements but did not define proscribed conduct. We therefore examine AS 01.10.070 without a presumption either for or against a result favoring Fowler.

The basic question is to ascertain what the legislature would wish to have happen under these circumstances.

 There are two ways in which the legislature can specify that they do not wish the usual 90–day rule to apply. The legislature can either (1) name a definite date on which the new law will take effect, or (2) declare that the new law will take effect "immediately."

Obviously, if the legislature follows this second course, the new law will not take effect immediately. Rather, the law will take effect on the day after the governor signs it—an event that the legislature has little control over. Thus, when the legislature declares that a law is to take effect "immediately," it means that the law should take effect "as soon as possible," consistent with the governor's role in the enactment process.

Fowler argues that the situation is different when the legislature specifies a date for a new law to go into effect. He contends that,

**6.** *See* AS 01.10.090: "No statute is retrospective unless expressly declared therein."

**7.** *See State v. Andrews,* 707 P.2d 900, 907 (Alaska App.1985) (ambiguities in criminal statutes must be construed against the government); Norman J. Singer, *Sutherland on Statutory Construction* §§ 59.03, 59.04, and 59.06 (6th ed.2000).

**8.** *Black's Law Dictionary,* 1421 (7th ed.1999).

**9.** *See* J. Singer, *supra* § 59.9, at 178 n. 7.

**10.** 257 Pa.Super. 369, 390 A.2d 1282, 1286 (1978).

by setting a specific future date, the legislature must mean for the public to get a certain amount of forewarning before the law takes effect. Thus, Fowler asserts, when the governor does not sign the bill until the specified date has transpired, a court must protect this desired period of forewarning by delaying the effective date of the law for 90 days.

But when the legislature specifies a definite date for a new law to take effect, they normally foresee that the governor will sign the law with time to spare—and that the new law will take effect on the specified date, regardless of when the governor signs it. In other words, there is no particular guaranteed period of forewarning, no particular buffer period between the signing of the bill and the time it takes effect.

We believe that when the legislature goes out of its way to specify a particular effective date, this date does not represent an imprecise description of how much forewarning the public should receive. Rather, it represents the legislature's intention that the new law should take effect on that specified date. Thus, when that specified date has already transpired by the time the governor signs the law, we believe it is reasonable to assume that the legislature would want the law to take effect as soon as possible—that is, on the day after the governor signs it. For this reason, we conclude that Fowler's suggested 90–day waiting period would not achieve the legislature's purpose.

In reaching this conclusion, we do not rely on any inference that might be drawn from the fact that, when the legislature addressed this problem, they codified the same rule that we now adopt as a matter of common law. However, we note that our interpretation is consistent with the rule of construction that was followed by the revisor of statutes up until AS 01.10.070(d) was amended to expressly resolve this problem.

The record in this case reveals that both the current revisor of statutes and her predecessor encountered the problem of an after-signed law on other occasions. Without exception, these revisors concluded that the statutes in question should be deemed to have taken effect on the day after the governor signed the law. The revisors adopted this practice because they believed that it achieved a result "as close as possible to the legislature's intended effective date[.]" For example, SLA 1995, ch. 103 specified a particular effective date—June 30, 1995—for § 70 of that session law. However, the governor did not sign the bill until that very date. When the bill was officially enrolled, the revisor substituted an effective date of July 1, 1995—*i.e.*, the day after the governor signed the bill.

The legislature has apparently acquiesced each time the revisor of statutes adjusted the effective dates of statutes in accordance with this practice. From this acquiescence, we conclude that the revisor's practice reflects the legislature's desired resolution of this problem.

Applying this rule of construction, we conclude that the new felony DWI law took effect at 12:01 a.m., Alaska Standard Time, (that is, at 1:01 a.m. Alaska Daylight Time) on July 4, 2001—the day after the governor signed the law.

*Fowler's alternative argument that a law cannot take effect on a holiday*

Fowler argues in the alternative that even if the new felony DWI law would normally have taken effect on the day after the governor signed it, the effective date of this new law was delayed by one day because July 4 was (and is) a state holiday. Fowler relies on AS 01.10.080, which states:

> The time in which an act provided by law is required to be done is computed by excluding the first day and including the last, unless the last day is a holiday, and then [that day] is also excluded.

Fowler contends that, pursuant to this statute, if a new law would normally take effect on a holiday, the effective date must be delayed by one day.

But it is plain from the wording of AS 01.10.080 that this statute is a codification of the common-law rule governing the computation of time for the *doing* of an act required

by law.[11] The statute allows an additional day for the accomplishment of the required act if the normal time limit expires on a holiday—a day when "the usual operations of business are suspended and the courts [are] closed[.]" [12]

The effective date of a statute is not an "act" that must be accomplished within a specified time period. Thus, AS 01.10.080 does not address the question of when a newly enacted statute takes effect.

We note that, in the past, the legislature has expressly declared its intent to have new laws take effect on holidays. One of the prime examples is Alaska's present criminal code—SLA 1978, ch. 166, §§ 3 & 25 specified that the new code would take effect on January 1, 1980.

### Conclusion

For the reasons explained here, we hold that the 2001 amendment to AS 28.35.030(n) took effect at 12:01 a.m., Alaska Standard Time, on July 4, 2001. Because Fowler committed his offense approximately seven hours later (at around 8:00 a.m., Alaska Daylight Time), the new law applied to him.

The judgment of the superior court is AFFIRMED.

---

11. *See Fields v. Fairbanks North Star Borough,* 818 P.2d 658, 660 (Alaska 1991).

12. *David v. Sturm, Ruger & Co.,* 557 P.2d 1133, 1135 (Alaska 1976).