Calvin DUNBAR, Appellant,

v.

STATE of Alaska, Appellee.

No. 2368.

Supreme Court of Alaska.

Dec. 3, 1975.

---

Ronald Wm. Drathman, Asst. Public Defender, Brian Shortell, Public Defender, Anchorage, for appellant.

Stephen G. Dunning, Asst. Dist. Atty., Joseph D. Balfe, Dist. Atty., Anchorage, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, and ERWIN, J.

## OPINION

ERWIN, Justice.

The Grand Jury indicted Calvin Dunbar for three robberies on November 1, 1973. On May 23, 1974, the superior court, Judge Kalamarides presiding, denied Dunbar's motion to dismiss on Rule 45 grounds,[1] and a stay was granted pending a petition for

---

[1] Alaska Rules of Criminal Procedure, Rule 45, provides, in part:

(a) *Priorities in Scheduling Criminal Cases.* The court shall provide for placing criminal proceedings upon appropriate calendars. Preference shall be given to criminal proceedings and the trial of defendants in custody shall be given preference over other criminal cases.

(b) *Speedy Trial Time Limits.* A defendant charged with either a felony or a misdemeanor shall be tried within four months from the time set forth in section (c).

(c) *When Time Commences to Run.* The time for trial shall begin running, without demand by the defendant, as follows:

(1) From the date the defendant is arrested, initially arraigned, or from the date the charge (complaint, indictment, or information) is served upon the defendant, whichever is first. The arrest, arraignment, or service upon the defendant of a complaint, indictment, or information, relating to subsequent charges arising out of the same conduct, or the refiling of the original charge, shall not extend the time, unless the evidence on which the new charge is based was not available to the prosecution at the time the defendant was either initially arrested, arraigned, or served with the original charge, and a showing of due diligence in securing defendant for the original charges is made by the prosecution; or

(2) If the defendant is to be tried again following a mistrial, an order for a new trial, or an appeal or collateral attack, from the date of mistrial, order granting a new trial, or remand.

. . . . .

review. That petition was denied. On August 9, 1974, Dunbar pled guilty to one count of robbery, preserving with the state's consent his right to appeal on the Rule 45 issue. The question thus becomes whether the trial court correctly determined that there was no violation of appellant's right to speedy trial.

The defendant in this case, Calvin Dunbar, was arrested on October 26, 1973. Five alleged accomplices were also arrested. Shortly, the Grand Jury returned three separate indictments against Dunbar and others for three robberies. A fourth indictment was returned against a number of the same parties but did not name Dunbar.

On November 26, 1973, Dunbar through his counsel filed pretrial motions to suppress a confession and a post arraignment lineup identification. A combined hearing on these motions was to be held on December 18, 1973, along with matters raised by the other defendants.

The District Attorney assigned to the case was ill on December 18, so the state was represented by substitute counsel. Due to the complexity of the matters at hand, all counsel stipulated to a delay until January 3, 1974. It was agreed that for simplicity's sake, all motions filed by any defendant would be deemed to apply to all. This is now a source of confusion to Dunbar, who believes that the trial judge erroneously construed Rule 45 as requiring common application of all motions of co-defendants. The judge so concluded, not as a matter of law, but rather on the basis of the agreement of all parties.

Dunbar pressed his motions at the rescheduled omnibus hearing of January 3, 1974. Basically he urged three grounds for relief; in each area, the judge informed Dunbar that further pleadings containing more information would be required before a decision could be reached.

First, Dunbar argued that a severance would be required, for one defendant had confessed, implicating Dunbar. The court responded that discovery should be utilized to determine whether the statement would

be used at trial; so the motion was premature.

Secondly, Dunbar moved to suppress admissions made by him, because of alleged unlawful coercion and *Miranda* violations. The court indicated additional steps Dunbar should follow:

The Court: I think your step in that would be to file a motion for a—to suppress along with a motion for an evidentiary hearing, and set out in your motion for evidentiary hearing who you're going to call, summarize the—give a summation of the evidence and what you intend to prove by it, and let's have the hearing and find out.

[I]f all you're going to say in your motion is that my client never gave a statement, period, it's obvious the result is going to be, here's the statement he made and here's his signature.

Mr. Van Winkle: . . . That being the case, I'd ask you to reserve decision on my motion to suppress and by Monday I will have an affidavit in the file to support the memorandum that I have already submitted. . . .

Mr. Mackey: Well, let's set a date for it and I'll have Investigator Trudeau and the waiver here.

The Court: Well, the sooner they get the application, I'll make—we'll have a date. You know, saying he's going to have it here doesn't necessarily say he will, he may change his mind. He has a perfect right to.

Thirdly, Dunbar challenged a lineup identification as suggestive. The court again insisted that the motion should be in writing and specific:

The Court: I know Mr. Van Winkle isn't going to like what I'm going to say, I'm going to ask him to file his application in writing.

. . . . . .

Mr. Mackey: Well, Your Honor, in the formal motion, may I ask that the defense counsel spell out in what form the photograph is suggestive. I mean, just

to say, the photograph is suggestive is not enough. In what form is it suggestive?

The Court: Well, I think he has to lay out some foundation, but that's entirely up to him and entirely up to the argument.

. . . . . .

Mr. Van Winkle is going to have to file his application. You're going to have to file your response. We're going to have a hearing. Without those papers filed, I can't hold a hearing.

Although Mr. Van Winkle had stated that the matter requested by the court would be filed on the Monday following the January 3 omnibus hearing, it was not until January 18 that a memorandum and affidavit were in fact filed. The memo contemplated additional defense filings:

It is not possible to present at this time the exact specifics of the applicable laws. When all the evidence is fully before the court, the defendant reserves the right to submit additional support and legal precedent as it is needed.

Only the second and third grounds for relief, *supra,* were discussed. The state filed a brief reply on February 11, noting that Dunbar had requested a hearing on a date when Judge Kalamarides would be out of town.

Dunbar now argues that his motions were taken under advisement on January 3, because the "advisement period presumably extends from the time a motion is made until it is ruled upon." By this Dunbar apparently means the date the motion was argued, not its date of filing, for the pretrial

motions in this case were filed on November 26, 1973; Dunbar concedes the period from November 26 until the first omnibus hearing in December, plus the stipulated continuance until January 3, are excludable.[2] In addition, Dunbar concedes that the motion may properly be held under advisement for thirty days from that date under Rule 45(d)(1).[3] This computation yields a total of 70 excludable days, which when subtracted from 209 days total leaves 139 days.

 The state persuasively argues that the motions were not taken under advisement on January 3. The court had requested that Dunbar submit specific allegations raising material fact issues, demonstrating that an evidentiary hearing on the suppression issues was called for. Until this was done, the court had nothing to reflect upon, no decision to make. The term "advisement" refers to judicial reflection, after the parties have completed their input:

"[A]dvisement" is the act of the judge in taking time for consideration or deliberation, i. e., in taking time to consider all of his judgment before rendering and signing that judgment. (Citation omitted)

*Green v. Taca International Airlines,* 284 So.2d 339, 341 (La.App.1973).

 Dunbar did not submit the additional filings until fifteen days had elapsed. It appears that Dunbar did not request a hearing earlier than February 11; even assuming that the court was remiss in not hearing the motion at that or some later date, February 11 seems to be

2. In *State v. Clouatre,* 516 P.2d 1189, 1191 (Alaska 1973), we held that the periods excluded from computation of the four-month rule must be deducted in computing the time for trial, regardless of whether the event giving rise to the period of postponement caused an actual delay of trial.

3. Alaska Rules of Criminal Procedure, Rule 45(d)(1) provides:
(d) *Excluded Periods.* The following periods shall be excluded in computing the time for trial:

(1) The period of delay resulting from other proceedings concerning the defendant, including but not limited to motions to dismiss or suppress, examinations and hearings on competency, the period during which the defendant is incompetent to stand trial, interlocutory appeals, and trial of other charges. (No pre-trial motions shall be held under advisement for more than 30 days and any time longer than 30 days shall not be considered as an excluded period.)

the earliest date when it can be said the matter had been submitted to the court for decision. Since the elimination of this period brings the delay within the 120-day period, Dunbar's Rule 45 rights have not been violated.

The decision of the trial court is affirmed.