**David NICKELS, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 2410.**

Supreme Court of Alaska.

Jan. 28, 1976.

Peter J. Aschenbrenner of Aschenbrenner & Savell, Fairbanks, for appellant, for plaintiff.

Jane F. Kauvar, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, Avrum M. Gross, Atty. Gen., Juneau, for appellee, for defendant.

## OPINION

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, ERWIN and BURKE, JJ.

BURKE, Justice.

On May 19, 1974, David Nickels was arrested and charged with robbery. Following his indictment he entered a plea of not guilty. After being twice continued, his trial was eventually set to begin on September 16, 1974. On that date Nickels entered a plea of *nolo contendere*. Prior to his change of plea Nickels stated that he wished to reserve his right to appeal upon the grounds that he had been denied a speedy trial under the requirements of

**164**

Rule 45, Alaska. Rules of Criminal Procedure.[1] This appeal followed.

Before turning to the merits we must determine whether Nickels is entitled to appeal. In *Cooksey v. State,* 524 P.2d 1251 (Alaska 1974), we held that a plea of *nolo contendere,* like a plea of guilty, generally constitutes a waiver of all non-jurisdictional defects. However, in that case we also stated:

> If a *nolo contendere* plea, expressly conditioned upon a limited right of appeal . . ., is adopted by the trial court the failure of the judicial system to respect that express condition would likely render the *nolo* plea unintelligent and invalid.[2]

Thus, we further held that there was no waiver where the prosecutor stated that he had no opposition to the entry of a conditional plea, and the plea was accepted by the trial court subject to the stated condition.

The facts presented here are somewhat different. At the time of Nickels' change of plea the prosecutor stated that he opposed acceptance of the *nolo* plea if any conditions were attached. Additionally, the trial judge remarked:

> The court's position is that I am not accepting the plea of either guilty or *nolo contendere* conditioned on the defendant's right to appeal. If the defendant has a right, he has that right without any comment from the trial judge.

In view of these differences, the State of Alaska argues that the general rule applies to this case and that by entering a plea of *nolo contendere* Nickels waived his right to appeal. We would be inclined to agree were it not for additional comments made by the trial judge.

Following the above quoted statement the trial judge continued, saying:

> Mr. Nickels, I earlier explained your rights to you. The right to appeal to the supreme court from any mistakes made in the course of the trial is still a right which you have and which you would be giving up by entering a plea of *nolo contendere*. That right is a right separate and apart from your appeal concerning the speedy trial issue. The speedy trial issue will be presented to me, if you continue with your plea of *nolo contendere,* on November 1st, the date of sentencing. I will make a decision on the trial court level concerning that issue. And then, if you, in fact, have a right to appeal, your attorney will perfect that appeal and work on it.

█ Such further statement compels us to hold that Nickels' plea of *nolo contendere* did not operate as a waiver of his right to appeal the speedy trial issue, since it failed to clearly inform the defendant that he would be giving up that right. The statement could, in fact, lead one to exactly the opposite conclusion. Under these circumstances, we believe that Nickels' plea must be viewed as one entered conditionally, and that his case falls within the exception to the general rule of waiver noted in *Cooksey v. State, supra.* At the same time, we do regard Nickels' plea as a waiver of his right to appeal all other non-jurisdictional defects. Thus, we are not required to consider any of the other issues raised by this appeal.

---

1. Rule 45 provides in part:

. . . . .

(b) *Speedy Trial Time Limits.* A defendant charged with either a felony or a misdemeanor shall be tried within four months from the time set forth in section (c).

(c) *When Time Commences to Run.* The time for trial shall begin running, without demand by the defendant, as follows:

(1) From the date the defendant is arrested, initially arraigned, or from the date the charge (complaint, indictment, or information) is served upon the defendant, whichever is first. . . .

. . . . .

(g) *Absolute Discharge.* If a defendant is not brought to trial before the running of the time for trial, as extended by excluded periods, the court upon motion of the defendant shall dismiss the charge with prejudice.

. . . . .

2. 524 P.2d at 1256.

Turning to the merits, we find that this appeal can be quickly disposed of. Nickels argues that he was entitled to have his indictment dismissed because more than 120 days elapsed between the date of his arrest and the date of his trial. In calculating the time allowed by Rule 45, he has counted the day of his arrest, May 19, 1974. Thus calculated, he contends that his trial should have started on or before September 15, 1974.[3] Instead, as indicated above, it was set to begin on September 16, 1974.

 At the outset we note that Rule 45 makes no mention of a period of "120 days". It refers only to a period of "four months". However, we recognize the fact that Rule 45 has been often called the "120 day rule" and that this court has added to the confusion by using similar terminology from time to time, without directly holding that the language of the rule means 120 days rather than four calendar months.[4] To avoid further uncertainty we now construe the four month requirement of Rule 45 to mean 120 days.

Rule 40(a), Alaska Rules of Criminal Procedure, provides, in part:

> Except as otherwise specifically provided in these rules, in computing any period of time, *the day of the act or event after which the designated period of time begins to run is not to be included.* The last day of the period so computed is to be included, unless it is a Sunday or legal holiday, in which event the period runs until the end of the next day which is neither a Sunday nor a holiday. (emphasis added)

 Since Rule 45 does not specifically provide otherwise, the period of delay permitted by that rule is to be calculated according to Rule 40(a). Under Rule 40(a) the day of Nickels' arrest should not

be counted. Thus calculated, his trial *was* set to begin within 120 days "from the date of his arrest", and there was no violation of his rights under Rule 45, Alaska Rules of Criminal Procedure.[5]

Affirmed.

---

3. We take judicial notice of the number of days between the dates mentioned and the fact that September 15, 1974, was a Sunday.

4. *See, e. g., State v. Clouatre,* 516 P.2d 1189 (Alaska 1973).

5. Even if the day of his arrest is counted, as urged by Nickels, the 120th day would have fallen on September 15th, a Sunday. According to Rule 40(a), the permissible period of delay would have then run until the end of the following day, September 16, 1974. Again, there would have been no violation of Rule 45.