John R. DEACON, Appellant,

v.

STATE of ALASKA, Appellee.

No. 3022.

Supreme Court of Alaska.

March 17, 1978.

Myron Angstman, Allan D. Beiswenger, Asst. Public Defenders, Bethel, Brian Shortell, Public Defender, Anchorage, for plaintiff.

Monica Jenicek, Asst. Dist. Atty., Joseph D. Balfe, Dist. Atty., Anchorage, Avrum M. Gross, Atty. Gen., for appellee.

OPINION

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, BURKE AND MATTHEWS, JJ.

MATTHEWS, Justice.

This is a speedy trial case.

John Deacon was arrested on March 29, 1975 for the murder of Jack Rock in the village of Grayling. Deacon was arraigned in Bethel shortly after his arrest. A preliminary hearing was held on April 4, in Bethel. At that hearing, Deacon was held over until the grand jury could convene later that month.

On April 30, the grand jury returned an indictment against Deacon for the murder of Rock. Deacon was arraigned on the indictment in Anchorage on May 1, and entered a plea of not guilty. Bail was set at $50,000. No trial date was then set.

Deacon filed a Motion for Reassignment of Judge on May 9. In response, the case was reassigned to Judge Moody on May 12. In the same order, trial was set for July 15 in Bethel.

On June 30, Deacon's counsel filed a Motion for Psychiatric Examination. The motion was unopposed, and was granted on August 1. Psychological testing was performed by Dr. Jon Burke at the Langdon Psychiatric Clinic on August 4. Deacon then saw a psychiatrist several times between August 6 and September 17.

Meanwhile, on July 31, Judge Occhipinti, then presiding judge of the Third Judicial District, received a handwritten document from Deacon requesting that he be released due to a violation of Criminal Rule 45 or, alternatively, that he be told the reasons for the delay of his trial. Judge Occhipinti responded in a letter that the July 15 trial date had been vacated due to defense counsel's motion for a psychiatric examination and that a trial date could not be set until that examination was completed. He also stated that such a motion extended the 120 day period set by Rule 45 for another 60 days and suggested that a trial held before September 25 would not violate Deacon's right to a speedy trial.

Although psychological testing and the psychiatric consultations with Deacon were

completed by September 17, a report of the psychiatric examination was not made until December 19, and was not filed with the court until December 26. A trial setting hearing was held on January 14, 1976 at which time trial was set for January 26, before Judge Hanson in Bethel. At the January 14 hearing, counsel for Deacon requested an omnibus hearing to discuss various motions he intended to make; he waived "any 4 month problems" from that date, January 14, "until such time as the omnibus hearing is set and concluded". The omnibus hearing was held on January 16.

On January 23, counsel for the defendant filed two separate motions to dismiss,[1] and a motion to suppress statements made by Deacon to investigating officers at the time of his arrest. A third motion to dismiss was filed on January 26.[2] Testimony was heard on these motions on January 26, the date set for trial. The court then denied all three motions to dismiss, and ruled that there had been substantial compliance with Rule 45.[3] An agreement was then reached between the defendant and the State whereby the defendant would plead *nolo contendere* to a charge of second degree murder if the State would recommend that the court impose a sentence of not more than 20 years. After insuring that the plea was voluntarily given and based on fact, the court accepted it.

Judgment and Commitment was entered on May 11, 1976 adjudging the defendant convicted of second degree murder upon his plea of *nolo contendere*. The defendant was sentenced to 20 years with eleven years suspended.

There are two issues presented on appeal:

1. The first motion to dismiss was based on the alleged unconstitutional composition of the grand jury. The second motion to dismiss was based on the alleged violation of Rule 45.

2. This third motion to dismiss was based on the allegation that the grand jury's indictment was the product of hearsay testimony.

1. Did the defendant waive his right to appeal an alleged violation of Criminal Rule 45 by virtue of his plea of *nolo contendere* to second degree murder?
2. Was Criminal Rule 45 violated?

## WAIVER OF RIGHT TO APPEAL

It is the State's contention that by virtue of defendant's plea of *nolo contendere* to second degree murder he has waived his right to appeal any Rule 45 infringement.

■■■ A plea of *nolo contendere* is a waiver of all non-jurisdictional defects. *Cooksey v. State,* 524 P.2d 1251, 1255 (Alaska 1974); *McKinnon v. State,* 526 P.2d 18, 24 (Alaska 1974). Violation of one's right to a speedy trial is non-jurisdictional. *Woodson v. Brewer,* 437 F.2d 1036, 1037 n. 1 (8th Cir. 1971); *Becker v. State of Nebraska,* 435 F.2d 157 (8th Cir. 1970); *Fowler v. United States,* 391 F.2d 276, 277 (5th Cir. 1968). However, we have allowed appeals following pleas of *nolo contendere* or guilty which are expressly conditioned on the right to appeal from rulings which do not involve jurisdictional issues. We have done this where the prosecutor and the trial court have consented to the conditional nature of the plea, *Cooksey v. State, supra,* and where they do not consent, but the court fails to advise the defendant that his conditional plea does not preserve his right to appeal. *Nickels v. State,* 545 P.2d 163, 164 (Alaska 1976). In this case, defendant's counsel stated at the time of the entry of the plea of *nolo contendere* that it was subject to a reservation of his right to appeal. The prosecutor opposed acceptance of the conditional plea. The trial judge indicated that he believed defendant's right to appeal would be preserved, but declined to rule on

3. The court found that either "120 or 123 days" of non-excludable time had elapsed and that even if 123 days had elapsed, "that's substantial compliance" with Rule 45.

the matter.[4] Since the defendant was not told by the court that the conditional nature of his plea was a nullity and would preserve no appellate rights, we are constrained, as we were in *Nickels, supra,* to respect the condition. To do otherwise would likely render the plea unintelligent and invalid. *Cooksey v. State, supra* at 1256.

## SPEEDY TRIAL

Criminal Rule 45 provides that a defendant shall be tried within 120 days after he is arrested or charged, whichever is first. Subsection (d)(1) provides for certain excluded periods which are relevant here:

> The period of delay resulting from other proceedings concerning the defendant, including but not limited to motions to dismiss or suppress, examinations and hearings on competency, the period during which the defendant is incompetent to stand trial, interlocutory appeals, and trial of other charges. No pre-trial motion shall be held under advisement for more than 30 days and any time longer than 30 days shall not be considered as an excluded period.

The defendant was arrested on March 29, 1975 and brought to trial on January 26, 1976, 303 days later. Defendant contends that this delay is outside the period permitted by Rule 45; the State contends that there were excluded periods which brought the trial date within the time permitted by the rule. We find no violation of Rule 45.

The first excluded period began on May 9, with defendant's Motion for Reassignment and ended on May 12, when Judge Moody was reassigned to the case. Judge Hanson ruled that since this process caused no delay in the trial, he would not exclude this period. In doing so he erred, for we held in *State v. Clouatre,* 516 P.2d 1189 (Alaska 1973) that the period between a defendant's pre-trial motion and its disposition should be an excluded period for the purposes of Rule 45(d)(1) regardless of any question whether the motion caused actual delay. We suggested in *Clouatre* that it is often impossible to say whether a particular pre-trial motion has in fact caused delay, and we refused to adopt a rule requiring a showing of delay in fact because of the uncertainty which would result.

The next excluded period began on June 30, when defense counsel made a Motion for Psychiatric Examination. The trial court found that it ended on December 26, when the report of the examination was filed with the court.[5] Deacon contends that the excluded period should end at the termination of a reasonable time for receipt of the psychiatric report. He further contends that a reasonable time expired on September 25, the date suggested for trial by Judge Occhipinti in his August 7th letter to defendant.[6]

We decline to read a reasonable time exception into Rule 45. What we said in *State v. Clouatre, supra,* applies here:

> We believe that more problems will be created than solved by adopting the de-

---

**4.** The trial judge stated:

> I'm not ruling that you have a right to appeal but I will say it's my understanding of the law that he does and I'm not saying that I can grant that to you. The supreme court can decide that . . . .

**5.** The motion for psychiatric examination was consented to by the State on June 30, 1975. It was held under advisement until it was granted on August 1, 1975, two days longer than permitted under Rule 45(d)(1). The parties agree that those two days are not to be excluded.

**6.** The letter stated:

> I have reviewed your file, and find that your July 15th date for trial was vacated, as on June 30, 1975, your attorney Myron Angstman, made a motion for a psychiatric examination. The order granting this motion has been signed, and an examination will have to be done before any trial date can be set.
>
> The four month rule is not hard and fast, and for good cause, the time is extended. The motion for psychiatric examination extends the time up to 60 days. Thus, a trial date by September 25, 1975 would not violate your right to speedy trial.

fendant's interpretation. We would be left without understandable criteria for determining excluded delays. . . .

It must be kept in mind that the 120 day period set up by Rule 45 is only a basic datum. A considerably longer period could elapse before trial without resultant unfairness or injustice to the accused. Rule 45, with the excluded period set forth therein, merely sets the outer limits of delay. We believe that the rule will work fairly if it is applied according to its objective terminology.

At 1191. An objective reading of Rule 45(d)(1) requires that the entire period between the motion for psychiatric examination and the filing of the psychiatric report be excluded.[7]

▬ State [8] and federal [9] constitutional requirements mandate that there be no unreasonable delay in bringing an accused to trial. *Glasgow v. State,* 469 P.2d 682 (Alaska 1970). Rule 45 is designed to satisfy the imprecise limits of the constitutional right to a speedy trial with much room to spare. *Snyder v. State,* 524 P.2d 661, 664 (Alaska 1974). It is conceivable that in rare cases the objective requirements of Rule 45 might be met while constitutional standards are violated. Deacon, however, makes no such contention in this case.

The question remains as to what effect, if any, to give Judge Occhipinti's August 7th

letter to the defendant.[10] Judge Hanson held that the letter had no effect. Deacon argues that the letter (1) established a reasonable time for filing the psychiatric report, (2) established September 25th as the trial date, and (3) by implication, terminated defendant's limited waiver of his right to a speedy trial which occurred when defendant's counsel moved for the psychiatric examination. We have already held that it is irrelevant to the application of Rule 45 when a reasonable time for the filing of the psychiatric report may be said to have ended. Further, we observe that Judge Occhipinti's letter does not purport to set a trial date. It can, however, arguably be read as an order limiting defendant's waiver to 60 days following the order granting defendant's motion for psychiatric examination.

▬ Although the question is not free from doubt, we consider Judge Occhipinti's letter as having no legal consequences. The letter does not purport to be a court order. It was not entered as an order by the clerk nor was a copy forwarded to the clerk or to counsel for either party. The letter was in response to a handwritten document signed by the defendant which was itself procedurally prohibited, since defendant was then represented by counsel.[11]

▬ Following receipt of the psychiatric report by the court, the next excluded period arose as a result of defense counsel's

---

7. Our conclusion is supported by *Cooksey v. State, supra,* in which we held that a 4½ month period between a second request for a psychiatric evaluation and the filing of the report of the evaluation in court was an excluded period. Of course, if the motion is held under advisement over 30 days, the excess time will not be excluded. *See* footnote 5, *supra.*

8. Article I, § 11 of the Constitution of the State of Alaska provides, in part:

In all criminal prosecutions, the accused shall have the right to a speedy and public trial, by an impartial jury of twelve, except that the legislature may provide for a jury of not more than twelve nor less than six in courts not of record.

9. The Sixth Amendment to the United States Constitution provides, in part:

In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed . . . .

10. The text of this letter is set forth at footnote 6, *supra.*

11. Civil Rule 81(c), made applicable to criminal cases by Criminal Rule 50(b), provides:

*Appearance by Party.* Except as otherwise ordered by the court, a party who has appeared by an attorney may not thereafter appear or act in his own behalf in any action or proceeding, unless order of substitution shall have been made by the court after notice to such attorney.

request on January 14, 1976 that the court schedule an omnibus hearing for the discussion of various defense motions. Defense counsel stated that "we will waive any 4 month problems from this date [January 14] until such time as the omnibus hearing is set and concluded." The omnibus hearing was held and concluded on January 16. These two days must be excluded.

■ The next excludable period arose out of defendant's motions of January 23. They were denied on January 26th. Three more days should therefore be excluded under Rule 45(d)(1). Since the trial was scheduled for January 26th, and defendant pled *nolo contendere* then, it is that date which provides the end point in our computation.

■ In consideration of the excluded periods of time which we have set forth, and calculated in the method we set out in *Nickels v. State, supra* at 165,[12] we conclude

that 118 non-excludable days elapsed between Deacon's arrest and his trial date.[13]

■ When the July 15 trial date was vacated a specific future date for trial should have been set. If that had been done, defendant would have had nothing on which to base his speedy trial claim. We have previously emphasized the command of Rule 45(a) that no trial date should be vacated without a new date then being established,[14] and we find that we must do so again.

AFFIRMED.

---

12. Since Rule 45 does not provide for a specific method of calculation, we stated in *Nickels* that periods of delay are to be calculated according to Criminal Rule 40(a). Under Rule 40(a), the date of Deacon's arrest and the dates of events which re-start the running of the time period will not be counted, but the dates of tolling events will be.

13. The time sequence, as we view it, is as follows:

| Incident | Date | Time Effect | Days Elapsed |
|---|---|---|---|
| Arrest | 3/29/75 | start | 0 |
| Motion to Reassign Judge | 5/9/75 | stop | 41 |
| Order Reassigning Judge | 5/12/75 | start | 41 |
| Motion for Examination | 6/30/75 | stop | 90 |
| 30 days expiration (Rule 45(d)(1)) | 7/30/75 | start | 90 |
| Excess time over 30 days | 7/31/75 & 8/1/75 | | 92 |
| Order for Examination | 8/1/75 | stop | 92 |
| Evaluation filed with court | 12/26/75 | start | 92 |
| Request for Hearing (express waiver) | 1/14/76 | stop | 111 |

| Incident | Date | Time Effect | Days Elapsed |
|---|---|---|---|
| Omnibus Hearing | 1/16/76 | start | 111 |
| Motions to Dismiss; Motion to Suppress | 1/23/76 | stop | 118 |
| Trial/Plea Agreement | 1/26/76 | stop | 118 |

14. In *Peterkin v. State,* 543 P.2d 418, 424 (Alaska 1975), we stated:

No criminal case should have the trial date cancelled without a new date being set. In this way the parties and their counsel will be aware of the trial date as set in open court, and compliance with Rule 45 can be assured.

This process cannot be left to chance encounters or implicit understandings among counsel no matter how well founded or well meaning; the court process is involved and the court must exercise control over it. The control over the criminal trial calendar requires the use of safeguards to guarantee that the pre-trial procedures will be carefully monitored and that failsafe techniques will bring to light cases which approach the 120-day limit. In this way *no case* will be dismissed for failure to comply with the speedy trial provisions of Criminal Rule 45. (footnotes omitted)