**John Raymond DEACON, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–1347.**

Court of Appeals of Alaska.

March 13, 1987.

Walter Share, Anchorage, Myron Angstman, Bethel, for appellant.

W.H. Hawley, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Harold M. Brown, Atty. Gen., Juneau, for appellee.

Before COATS and SINGLETON, JJ., and CARLSON, Superior Court Judge.[*]

## OPINION

CARLSON, Superior Court Judge.

The appellant was on probation and living in his home village of Grayling, on the Yukon River, in western Alaska. He asserts that a six-month delay in the filing of a petition to revoke his probation violated his constitutional right to due process under the law. We affirm the trial court's judgment that the delay was not unreasonable in view of the circumstances of the alleged offense, the harm which the delay caused to the appellant's defense did not outweigh the state's interest in pursuing the revocation of his probation. Thus, the delay does not rise to constitutional proportions so as to require that the appellant be returned to probation.

Appellant served nine years of a twenty-year sentence on the underlying charge of second-degree murder.[1] He was then released on five years' probation. In September 1984 during the probationary period, he forcibly entered the house of Loretta Maillelle in Grayling, brandishing a pistol and threatening to kill Maillelle and a house guest, Linda Nicholi. Appellant left the house without firing a shot after he learned from Nicholi that Maillelle had escaped through a back window and gone for help.

Nicholi telephoned a Village Public Safety Officer (VPSO) in Holy Cross to report the incident but took no further action at that time. The incident was not investigated by either the VPSO or by the Alaska State Troopers until the following April (1985) when Nicholi (and subsequently Maillelle) reported the events in question to an Alaska State Trooper. Three days later, a petition to revoke Deacon's probation was filed, alleging that the appellant had violated his probation by assaulting Nicholi and by possessing, and threatening her with, a handgun.

A hearing was held before Superior Court Judge Christopher R. Cooke in May 1985, at which time Nicholi and Deacon gave conflicting accounts of the incident. Judge Cooke found Nicholi to be the more credible witness and revoked Deacon's probation.

In October 1985 a second hearing was held at which Maillelle's statement to the police was impeached by new evidence. Deacon's sister also testified at the second hearing that Deacon was not drinking at the time of the offense and did not own a handgun during the period in question. Judge Cooke upheld his original finding, noting that a preponderance of the evidence was the standard for a probation revocation hearing. While Deacon had produced more evidence in his favor at the second hearing, it did not tip the balance in his favor in the judge's perception.

The key issue on appeal is whether Deacon's constitutional right to due process was denied under the circumstances described above. It is established in Alaska law that this constitutional right—under the fourteenth amendment to the United States Constitution and under Article 1, section 7 of the Alaska Constitution—does extend to a probation revocation hearing. The core requirement in satisfying due process is a hearing "based on verified facts and informed by an accurate knowledge of defendant's behavior." *Paul v. State*, 560 P.2d 754, 756 (Alaska 1977), *quoting Morrissey v. Brewer*, 408 U.S. 471, 484, 92 S.Ct. 2593, 2602, 33 L.Ed.2d 484 (1972). We believe that Deacon had such a hearing, and that he had ample opportunity to present his case in his two appearances before Judge Cooke.

The issue of whether due process has been violated by the state's delay in bringing charges is controlled by an inquiry into 1) the circumstances justifying the delay, and 2) the harm the delay has caused to the defendant's case. *Burke v. State*, 624 P.2d 1240, 1242 (Alaska 1980); *Coffey v. State*, 585 P.2d 514, 519 (Alaska 1978); *Marks v. State*, 496 P.2d 66, 68 (Alaska 1972).

The state's justifications for the delay are two. First, there was no need for the

---

[*] Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution.

1. His initial conviction was affirmed by the Alaska Supreme Court in *Deacon v. State*, 575 P.2d 1225 (Alaska 1978).

VPSO to make an emergency call to the state troopers, since Nicholi had already persuaded Deacon to leave the house, and the emergency was ended. Second, because the Holy Cross VPSO, Willy Smalley, was packing to make his scheduled transfer to Alakanuk, he failed to call the state troopers to report the incident. Nicholi reported it to the state troopers six months after the incident. Three days after her complaint, a petition to revoke probation was filed.

 While we can hardly commend the state's failure to act more promptly in petitioning to have Deacon's probation revoked, we find that under the circumstances there was sufficient justification for that failure. In the first place, it has been acknowledged that it is more difficult to investigate crimes in bush areas. *Peterson v. State*, 562 P.2d 1350, 1360 (Alaska 1977). More importantly, the state was well within the five-year statute of limitations for bringing charges based on Nicholi's allegations, and was entitled to do so unless Deacon's due process right to a fair hearing was affirmatively prejudiced by the delay. *Coffey v. State*, 585 P.2d at 520.

■ Some justification for any significant delay in bringing charges is required in order to counter the potential abuse of process by enforcement authorities who might purposefully delay bringing charges so as to let the defense's evidence grow stale. The evidence in the record supports the trial judge's finding that this delay was caused by an inadvertent mistake of Smalley's in failing to report the incident to the state troopers immediately. This is to some degree excusable because he was in the process of moving from Holy Cross to Alaknuk and was not confronted with an emergency situation.

The burden of proof is, therefore, on Deacon to show that he suffered significant prejudice from the delay. *Burke v. State*, 624 P.2d 1240 at 1242; *Coffey v. State*, 585 P.2d at 520.

Deacon claims that he lost his opportunity to advance evidence of an alibi because of the state's delay in bringing charges and because the state claimed that the incident occurred on one of two days rather than on a particular day. Yet, his sister testified at the second hearing that he was neither drinking nor in possession of a handgun at the time of the incident. While we acknowledge some harm to Deacon's case from the state's action, we conclude that the damage was relatively minor. The partial fading of memory does not in itself show sufficient harm to constitute a violation of due process. *United States v. Corbin*, 734 F.2d 643, 648 (11th Cir.1984); *Coffey v. State*, 585 P.2d at 519 n. 16. This is especially true in a case turning primarily on the credibility of the two parties to a dramatic event which forms the basis of the "prosecution."

Deacon also claims that his inability to take physical evidence of the door he allegedly forced in to gain entry to Maillelle's house was a source of prejudice to his case. While this might be true if the house's front door were secure, there was credible testimony at the hearing that the door would not close securely.

■ Considering these two claims of prejudice, along with the others which Deacon advances, we conclude that he failed to carry the burden of proof in showing that the damage to his case caused by the state's delay was significant in relation to the state's interest in revoking his probation. While we acknowledge some damage to his case, we find that the degree of damage does not establish any reasonable likelihood that he might have prevailed if the state had brought its case sooner, and we find that the delay in question here does not amount to a violation of Deacon's due process rights.

We further find Deacon's claims of insufficiency of evidence and lack of specificity in the petition to revoke to be wholly without merit.

The decision of the trial court is AFFIRMED.

BRYNER, C.J., not participating.