ALASKA CHRISTIAN BIBLE
INSTITUTE, Appellant,

v.

STATE of Alaska, the Governor of the
State of Alaska, and the Legislature
of the State of Alaska, Appellees.

Paul TIGNER, Appellant,

v.

STATE of Alaska, and the Senate of
the Fifteenth Legislature of the
State of Alaska, Appellees.

Nos. S–2750, S–2789.

Supreme Court of Alaska.

April 19, 1989.

Kenneth P. Jacobus, Hughes, Thorsness, Gantz, Powell & Brundin, Anchorage, for appellant Alaska Christian Bible Institute and amicus curiae Terrence H. Martin.

Arthur H. Peterson, Asst. Atty. Gen., Grace Berg Schaible, Atty. Gen., Juneau, for appellees.

Before MATTHEWS, C.J., and RABINOWITZ, BURKE, COMPTON and MOORE, JJ.

## OPINION

MATTHEWS, Chief Justice.

On November 6, 1984, Alaska voters approved a constitutional amendment limiting the length of regular sessions of the state legislature. These consolidated appeals raise the question whether the legislature violated this amendment, contained in article II, section 8, by remaining in regular session more than 120 calendar days in 1986 and 1987. Superior Court Judge Brian C. Shortell concluded that the 1986 legislature did not violate the constitutional limitation because that provision authorizes a session totaling 121 days. Superior Court Judge Douglas J. Serdahely ruled that the 1987 legislature did not violate the constitution because the governor issued an executive proclamation reconvening the legislature on the 121st day. We now affirm the decisions of the superior court on the ground that article II, section 8 authorizes regular legislative sessions totaling 121 days.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. The 1986 Session.

The second session of the fourteenth legislature convened on January 13, 1986.

1986 House Journal 1767; 1986 Senate Journal 1525. The 120th day of the session was May 12, 1986 House Journal 3409; 1986 Senate Journal 2839. When it became obvious that neither house would complete its agenda before midnight, each house voted to stop the clock. Although the House and Senate both passed bills in the early morning hours of May 13, all bills were dated May 12, 1986 House Journal 3484–86; 1986 Senate Journal 2929.

The Alaska Christian Bible Institute filed suit against the state on June 13, 1986, claiming that the legislature violated article II, section 8 by sitting into the early morning hours of May 13. Representative Terrence H. Martin moved to intervene as a party plaintiff, but was allowed to participate only as an amicus curiae. Judge Shortell ruled that the constitution authorized a session totaling 121 days; therefore, the legislature was authorized to be in session on May 13. The Bible Institute appeals.

B. The 1987 Session.

The first regular session of the fifteenth legislature convened on January 19, 1987. 1987 House Journal 1; 1987 Senate Journal 1. The 120th day of the session was May 18, 1987 House Journal 1619; 1987 Senate Journal 1583. The House adjourned at 8:00 p.m. on May 18, 1987 House Journal 1666. The Senate did not adjourn until 12:42 a.m. on May 19, 1987 Senate Journal 1651.

Because the House and Senate did not agree on a budget prior to adjournment, the governor issued an executive proclamation calling the legislature into session at 11:00 a.m. on May 19, pursuant to article III, section 17 of the constitution.[1] Executive Proclamation of the Governor (May 18, 1987), *reprinted in* 1987 Senate Journal 1643. The House convened on May 19, and adjourned at 1:30 a.m. on May 20, 1987 House Journal 1669, 1702. The Senate convened and adjourned on May 19, 1987 Senate Journal 1653, 1690.

On May 22, 1987, Paul Tigner sued the state, claiming that the Senate violated article II, section 8 by remaining in regular session between the hours of midnight May 18 and 11:00 a.m. May 19. Judge Serdahely entered summary judgment for the state on the ground that the Senate was lawfully in session on May 19 pursuant to the executive proclamation of the governor. Tigner appeals.

II. ARTICLE II, SECTION 8 AUTHORIZES THE LEGISLATURE TO REMAIN IN SESSION FOR A TOTAL OF 121 DAYS

■ The Bible Institute argues that article II, section 8 limits regular sessions of the legislature to 120 days. The state contends that the plain language of the provision authorizes a session totaling 121 days.

Judicial interpretation of a statute or constitutional provision begins with an examination of the language used. Alaska Constitution article II, section 8 (emphasis added) provides:

The legislature shall convene in regular session each year on the fourth Monday in January, but the month and day may be changed by law. *The legislature shall adjourn from regular session no later than one hundred twenty consecutive calendar days from the date it convenes* except that a regular session may be extended once for up to ten consecutive calendar days. An extension of the regular session requires the affirmative vote of at least two-thirds of the membership of each house of the legislature. The legislature shall adopt as part of the uniform rules of procedure deadlines for scheduling session work not inconsistent with provisions controlling the length of the session.

The meaning of the emphasized language is easily illustrated by an example. Suppose article II, section 8 required adjournment no later than one day from the date the legislature convenes. All reasonable people would agree that adjournment was not required until the second day of the legislative session. Just as the one day

---

**1.** Alaska Const. art. III, § 17 provides: "Whenever the governor considers it in the public interest, he may convene the legislature, either house, or the two houses in joint session."

limit in the example requires adjournment no later than the second day, the actual 120 day limit in article II, section 8 requires adjournment no later than the 121st day of the session.

This interpretation is confirmed by case law in which we have analyzed similar language in other contexts. In each case, we have calculated the period in question by excluding the first day and including the last day of the prescribed period. See AS 01.10.080; Alaska R.Civ.P. 6(a); Alaska R.Crim.P. 40(a); Alaska R.App.P. 502(a). This method of determining time is the common law rule which was codified prior to statehood. See Lowe v. Hess, 10 Alaska 174, 177 (D.Alaska 1941).

For example, in Nickels v. State, 545 P.2d 163 (Alaska 1976), we ruled that a criminal defendant was not deprived of his right to a speedy trial. Criminal Rule 45 as it existed when Nickels was decided was construed to require that trial begin within 120 days from the date of arrest. We held that the date of the arrest would not be counted in calculating the 120 day period. Id. at 165; see Criminal Rule 40(a).[2] Accord Deacon v. State, 575 P.2d 1225, 1230 nn. 12 & 13 (Alaska 1978); see also Foltz–Nelson Architects v. Kobylk, 749 P.2d 1347 (Alaska 1988) (architect did not timely foreclose a mechanic's lien within six-month statutory period); David v. Sturm, Ruger & Co., Inc., 557 P.2d 1133 (Alaska 1976) (products liability claim timely filed within two-year statute of limitations); Lowe, 10 Alaska at 182 (adverse mining claim not timely filed within 60–day statutory period).

In summary, the 120–day requirement in article II, section 8 results in an 121–day durational limit on regular sessions of the legislature. The day the legislature convenes is not counted. The next day, day *two* of the session, is one day from the convening date. It is day *one* for purposes of the section 8 limitation. By arithmetic extension, 120 days from the date the legislature convenes is the 121st day of the session.[3] We hold that article II, section 8 authorizes a legislative session totaling 121 days.

## III. INTERVENTION

Representative Martin argues that Judge Shortell erred when he refused to permit him to intervene as a party plaintiff and limited his status to that of an amicus curiae. The state contends that the superior court had discretion whether to permit intervention, and that that discretion was not abused.

■ A person is entitled to intervene as a matter of right if four conditions are satisfied: (1) the motion must be timely; (2) the applicant must show an interest in the subject matter of the action; (3) the interest may be impaired as a consequence of the action; and (4) the interest is not adequately represented by an existing party. State v. Weidner, 684 P.2d 103, 113 (Alaska 1984); Alaska R.Civ.P. 24(a).

■ We need not decide whether error was committed in refusing to permit Martin to intervene as a party because if there was error it clearly was harmless. Martin's interests were adequately protected by the order allowing him to participate as an amicus curiae. There were no disputed questions of material fact. Martin participated in briefing the legal questions presented. On appeal the Bible Institute and Martin filed joint briefs prepared by Martin's attorney. No credible case can be

---

**2.** Alaska R.Crim.P. 40(a) provides in part:

Except as otherwise specifically provided in these rules, in computing any period of time, the day of the act or event from which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Saturday, Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday, or legal holiday.

**3.** The Bible Institute argues that, the plain language of the constitution notwithstanding, we should construe article II, § 8 to effectuate the voters' intent to impose a 120–day durational limitation. See State v. Alex, 646 P.2d 203, 208 n. 4 (Alaska 1982). However, the record is devoid of any evidence that the voters intended to limit the legislative session to 120 rather than 121 days. Absent any evidence of the voters' intent, we decline to ignore the plain language of the constitution.

made that Martin was prejudiced by his inability to intervene.

The decisions of the superior court are AFFIRMED.