STATE of Alaska, Petitioner,

v.

Gregory ANGAIAK, Respondent.

No. A–4222.

Court of Appeals of Alaska.

March 5, 1993.

Cynthia L. Herren, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Charles E. Cole, Atty. Gen., Juneau, for petitioner.

Scott Jay Sidell, Law Office of Chris Provost, Bethel, for respondent.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

## OPINION

MANNHEIMER, Judge.

The State of Alaska petitioned us to review an order of the superior court dismissing a felony prosecution against Gregory Angaiak for violation of Alaska's speedy trial rule, Criminal Rule 45. We granted the State's petition and ordered formal briefing. We now reverse the superior court's decision.

On May 25, 1991, the Bethel District Attorney filed an information charging Gregory Angaiak with two counts of first-degree sexual abuse of a minor, AS 11.41.-434(a)(1). Five days later, on May 30, 1991, Angaiak was arrested on these charges.

On June 20, Angaiak waived preliminary hearing; he remained free on bail pending the action of the grand jury. At this June 20 hearing, the court, the district attorney's office, and Angaiak's attorney, Cathleen Connolly, agreed that Rule 45 had begun to run on May 31, 1991 (the day following Angaiak's arrest) and would expire on September 27, 1991.

For reasons that are not explained in the record, Angaiak was not indicted on these sexual abuse charges until September 12, 1991. When Angaiak's indictment was announced in the superior court the next day (September 13), the district attorney told the court that Angaiak had violated the conditions of his release by contacting the victim. Based on the district attorney's representations, Superior Court Judge Dale O. Curda issued a warrant for Angaiak's arrest.[1] Then, unprompted, Judge Curda announced that Rule 45 would be tolled "from today until ... he's picked up on the warrant." Neither Angaiak nor his attorney was present at this proceeding.

The officer who signed the return of the arrest warrant certified that he arrested Angaiak in Toksook Bay on September 17, 1991. Angaiak was returned to Bethel and arraigned there on the newly issued indictment on September 21, 1991. A representative of the District Attorney's Office was present at Angaiak's arraignment, but Angaiak's attorney was not.

At this arraignment, Judge Curda attempted to calculate how much time should be added to the Rule 45 calculation because of Angaiak's arrest. The judge incorrectly stated that the warrant had been issued on September 12 (see footnote 1 above), and then a state trooper incorrectly informed the judge that Angaiak had been arrested the previous day, September 20. As a consequence, Judge Curda decided that 8 days should be added to the original Rule 45 expiration date of September 27, so that the rule would expire on Saturday, October 5, allowing the trial to begin as late as

---

1. When the judge issued the warrant, he dated it "September 12, 1991". However, this date is incorrect; the warrant was issued pursuant to the request of the district attorney when the indictment was announced in court on September 13.

Monday, October 7, 1991.[2] The court did not set Angaiak's trial at this time, but instead scheduled a calendar call hearing for September 24, 1991.

The calendar call hearing in Angaiak's case was held, as scheduled, on September 24. Because notice of this hearing did not reach Angaiak's attorney, Ms. Connolly, until shortly before the hearing was to be held, Connolly's colleague, Myron Angstman, appeared at the hearing on behalf of Angaiak.

At this calendar call, Judge Curda recited the procedural history of the case, telling Mr. Angstman that Rule 45 originally was to have expired on September 27, 1991, but that the court had added 8 days because of the arrest warrant. Judge Curda said that he intended to set Angaiak's trial for October 7, 1991, in front of Judge James A. Hanson. The hearing ended with the following conversation between the court, the district attorney, and Angaiak's attorney:

THE COURT: [R]ight now [the defendant's trial is] scheduled [for October] 7th ... in front of [Judge Hanson].

MR. WALLACE [the prosecutor]: Well, Your Honor, I guess [it] would be the State's request ... to have it set sooner, if there's a problem with Rule 45.

THE COURT: Uh-huh. Mr. Angstman?

MR. ANGSTMAN: I don't know if Ms. Connolly has received the grand jury tape yet or not. I assume that she's in the process of obtaining it. I certainly can't tell the court today that there won't be motions or that we will be ready for trial on [the] 7th [of] October. I would suggest that the court set another calendar call early next week, and we can advise the court at that time if we are going to be prepared for trial on the 7th ... or if there are motions that require other action to be taken.

THE COURT: Okay. I'm just checking here to see—Judge Hanson is having a calendar call at 3:30 p.m. on October 3rd, so I'll go ahead and schedule an omnibus hearing/calendar call for that time. By then we'll know whether there have been any motions filed, and also [indiscernible] the trial setting.

.     .     .     .     .

That will be the next court date, then, October 3rd at 3:30 p.m. for omnibus hearing/calendar call. Anything further, Mr. Wallace? And it will be [set for] trial October 7th at 8:30 a.m..

MR. WALLACE: No, Your Honor, not at this time.

THE COURT: All right. Mr. Angstman?

MR. ANGSTMAN: No.

THE COURT: We'll go off record.

At the omnibus hearing/calendar call on October 3, Angaiak filed a motion to dismiss the charges for violation of his right to speedy trial under Rule 45. On November 5, in a written order, Judge James A. Hanson granted Angaiak's motion. Judge Hanson found first that, notwithstanding Judge Curda's earlier ruling, the issuance of the arrest warrant on September 13 had had no effect on the running of Rule 45. Second, Judge Hanson found that Myron Angstman's request for another calendar call could not be construed as a knowing waiver of Rule 45. Judge Hanson wrote, "[I]t cannot be said that substitute counsel Mr. Angstman should have known that the expiration date under Rule 45 was September 27, 1991, and not October 7, 1991 as he was informed at [the calendar call of September 24, 1991]."

Following Judge Hanson's dismissal of the case, the State sought reconsideration of Judge Hanson's order. The State argued that Angstman's request for an omnibus hearing and renewed calendar call had been a request for a continuance under Rule 45(d)(2) that tolled Rule 45 for 9 days—from the day of the request (September 24) until the omnibus hearing/cal-

---

**2.** Actually, even if the time attributable to the arrest warrant were excludable from the Rule 45 calculation (an argument the State has abandoned on appeal), only 4 days (September 13–17) would be added to the calculation. Thus, even with the benefit of Judge Curda's ruling, the time for bringing Angaiak to trial would have expired on Tuesday, October 1, 1991, not Saturday, October 5.

endar call was held on October 3. Judge Hanson denied the State's motion for reconsideration without pertinent comment.

On appeal, the State has abandoned the argument that time should have been added to the Rule 45 calculation on account of the September 13 warrant. Instead, the State raises two other arguments. The State first argues that Angstman's failure to object to the announced trial date of October 7 constituted a waiver of Angaiak's Rule 45 rights. The State's second argument is that the 9 days between September 24 and October 3 must be excluded under Rule 45(d)(2) because they constituted a continuance granted at the request of the defense.

■ We reject the State's first argument. Before Angstman's acquiescence in the October 7 trial date can be viewed as a waiver of Rule 45, it must be shown that Angstman knew enough about Angaiak's case (in particular, the events that started and arguably tolled the running of Rule 45) to be aware, or to have calculated, that the announced trial date violated Rule 45. *Andrew v. State*, 694 P.2d 168, 171 (Alaska App.1985), *aff'd as modified*, 718 P.2d 471 (Alaska 1986); *DeMille v. State*, 581 P.2d 675, 677 (Alaska 1978); *Buffington v. State*, 745 P.2d 78, 79–80 (Alaska App. 1987). Judge Hanson found the opposite: he concluded that Angstman, who attended the September 24 calendar call as a last-minute stand-in for Connolly, did not know enough about Angaiak's case to understand the problem with the October 7 trial date.

The State argues that Judge Hanson's finding is clearly erroneous. The State points out that, even though Angstman was stand-in counsel at the September 24 hearing, Judge Curda detailed the procedural history of Angaiak's case at that hearing and specifically told Angstman that the original Rule 45 expiration date had been September 27, 1991, that 8 days had been added because the court had issued a warrant for Angaiak's arrest after he violated the conditions of his release, that Rule 45 now ended on Saturday, October 5, 1991 (allowing trial to commence on Monday, October 7), and that the court intended to set Angaiak's trial for that date—October 7—unless someone objected. From this, the State concludes that Angstman "had available to him all the information needed to alert him that a trial date after September 27th would violate Criminal Rule 45".

We disagree. While the State now implicitly concedes that Judge Curda was mistaken when he added 8 days to the Rule 45 calculation, Judge Curda's error would not necessarily have been clear to Angstman. Angstman, appearing in the case for the first time, heard Judge Curda announce that the Rule 45 calculation had already been extended in a previous ruling. While it is perhaps conceivable that Angstman knew enough about the case to perceive the error in Judge Curda's ruling, we consider that unlikely, at least on the current record.[3] The State has not convinced us that Judge Hanson's finding is clearly erroneous.[4]

■ The State's second argument for reversing the superior court's decision is that Angstman's request for a renewed calen-

---

3. We note that the State never sought to question Angstman about his knowledge of the case as of September 24, 1991.

4. The facts suggest another potential waiver argument: Even if Angstman did not know enough about the case to understand that Judge Curda's 8–day extension of Rule 45 had been error, Angstman did at least know (after he had heard Judge Curda's summary of the procedural history of the case) that the judge's ruling had created a Rule 45 issue, and that if Angaiak prevailed on this issue, the time for bringing Angaiak to trial would expire on September 27. Thus, it could be argued that Angstman, when

he requested an opportunity to file pre-trial motions and agreed to a motion hearing date beyond September 27, sought this continuance with the knowledge that the delay would allow his colleague, Ms. Connolly, more time to consider and perhaps raise a potentially dispositive issue. If so, then Angstman's knowledge of the case was sufficient for his request (for an omnibus hearing to be held later than September 27) to constitute a waiver of Rule 45 for at least until the day after the requested omnibus hearing. This argument was not raised in the trial court or on appeal; we note but do not resolve it.

dar call/omnibus hearing tolled the running of Rule 45 from the date of his request (September 24) until the date the requested hearing was held (October 3), a total of 9 days.[5] The State characterizes these 9 days as a "period of delay resulting from an adjournment or continuance granted at the timely request ... of the defendant and his counsel." Criminal Rule 45(d)(2).

The State relies on *Miller v. State*, 577 P.2d 1077 (Alaska 1978) (per curiam), and *Henson v. State*, 576 P.2d 1352, 1355–56 (Alaska 1978). However, as Angaiak correctly notes, these two cases deal with defense requests to reset the defendant's trial from a scheduled date to a later date.[6] Neither *Miller* nor *Henson* addresses the situation presented in Angaiak's case: a defense request, not to reschedule the trial, but simply to hold another pre-trial hearing before the scheduled trial date arrives.

A case much closer on its facts is *Deacon v. State*, 575 P.2d 1225 (Alaska 1978). In *Deacon*, a trial setting hearing was held on January 14, 1976. At that time, trial was set for January 26. However, at this hearing, "counsel for Deacon requested an omnibus hearing to discuss various motions he intended to make". Deacon's attorney expressly waived Rule 45 from January 14 until whenever the omnibus hearing concluded. *Id.* at 1227. The omnibus hearing was held and concluded two days later, on January 16. *Id.* The supreme court held that *these two days were to be excluded from the Rule 45 calculation. Id.* at 1229–1230.[7]

The similarity of *Deacon* to Angaiak's case is fairly evident. On September 24, 1991, Judge Curda held a trial-setting conference in Angaiak's case; trial was set for October 7. Angaiak's attorney told the court that, given the short time-frame, the defense might not be ready for trial by October 7. Angaiak's attorney also told the court that the defense might have motions to file against the indictment. For these reasons, Angaiak's attorney asked the court to set another hearing that would function both as a calendar call and an omnibus hearing. Without objection, the court set the renewed hearing for October 3.

Angaiak's case differs from *Deacon* in one particular: Angaiak's attorney did not explicitly waive Rule 45 when he asked the court to set the omnibus hearing/calendar call. However, we do not believe this distinction is significant. Under Rule 45(d)(2), the defense request for a continuance is the event that, of itself, tolls the running of the speedy trial clock. There is no requirement that the defense attorney explicitly waive Rule 45 when he or she requests the continuance.

Angaiak responds that the October 3 hearing had no effect on the trial date. Angaiak points out that, when his attorney requested the second calendar call/omnibus hearing, the superior court had already set trial for October 7. He argues that the 9 days between September 24 and October 3 should not be excluded from the Rule 45 calculation because the request for the additional hearing on October 3 had no bearing on the setting of the trial date.

5. Implicit in the State's argument is the assertion that Rule 45 was tolled again on October 3 when Angaiak filed his motion to dismiss the charges. This does not appear to be disputed.

6. The same is true of the three other Alaska cases that directly construe Criminal Rule 45(d)(2): *Stobaugh v. State*, 614 P.2d 767, 769–770 (Alaska 1980); *O'Dell v. Anchorage*, 573 P.2d 1381, 1384 (Alaska 1978); and *McKenzie v. Anchorage*, 631 P.2d 514, 516 n. 3 (Alaska App. 1981).

7. See also *Dunbar v. State*, 543 P.2d 409 (Alaska 1975), another case in which the Alaska Supreme Court seemingly indicated that a continuance of a pre-trial hearing would toll the running of Rule 45. The defendant in *Dunbar* had

filed suppression motions, and a pre-trial hearing had been calendared for December 18, 1973 to litigate those motions. The assistant district attorney assigned to the case was ill on the scheduled day, so prosecution and defense agreed to delay the hearing until January 3, 1974. 543 P.2d at 411. On appeal, Dunbar conceded that this 15–day period of time was excluded from the Rule 45 calculation. However, the supreme court viewed the matter as covered, not by Rule 45(d)(2), but by Rule 45(d)(1), which excludes periods of time "resulting from other proceedings concerning the defendant, including ... motions to suppress[.]" 543 P.2d at 412 n. 3.

We find that *State v. Clouatre*, 516 P.2d 1189 (Alaska 1973), forecloses Angaiak's argument. In *Clouatre*, the defendant's case had been dismissed on Rule 45 grounds, and the government had filed a petition for review. The government noted that Clouatre had filed a pre-trial suppression motion; relying on Rule 45(d)(1), the government argued that the time necessary to adjudicate this suppression motion should have been excluded from the Rule 45 calculation. Clouatre replied that the time should not be excluded because the superior court's decision of his motion had not demonstrably affected the trial date. The supreme court rejected Clouatre's position and instead interpreted Rule 45(d) to mean that any event listed in subsections (1) through (6) would toll the running of the rule, regardless of whether that event actually delayed the defendant's trial. *Clouatre*, 516 P.2d at 1191.

Applying *Clouatre* to Angaiak's case, we hold that the 9 days between September 24 and October 3, 1991 must be excluded when calculating the time limit for bringing Angaiak to trial under Rule 45. Adding 9 days to the original expiration date of September 27, 1991 extends the Rule 45 deadline to October 6, 1991. That day was a Sunday, so, under Criminal Rule 40(a), Angaiak's trial could have commenced on Monday, October 7, 1991. Thus, Rule 45 had not yet expired when Angaiak filed his motion to dismiss on October 3. The superior court should have granted the State's motion for reconsideration.

Although we are reinstating the prosecution against Angaiak, we wish to stress, both to the State and to the superior court, the dangers inherent in the procedures used in this case. First, there is absolutely no explanation of why the State failed to seek Angaiak's indictment until 105 days after his arrest. Second, on the day that this indictment was returned and the court issued a warrant for Angaiak's arrest, the superior court ruled that the deadline for bringing Angaiak to trial would be extended by however long it might take to arrest Angaiak. This ruling was both *ex parte* (that is, made at a hearing at which only the State was represented) and *sua sponte*

(that is, not in response to any request by the prosecuting attorney)—fertile conditions for the creation of judicial error. Had it not been for the fortuity that Angaiak was arrested within a few days, leading to the calendar call of September 24, Rule 45 would likely have barred prosecution of the charges against Angaiak. We strongly encourage trial judges to make Rule 45 rulings only when both the government and the defense have had an opportunity to litigate (or concede) the issue.

The decision of the superior court is REVERSED and this case is REMANDED for renewed proceedings on the indictment.